Conway, Appellee, *v.* Ford Motor Company et al., Appellants.

234

(No. 34747—Decided May 6, 1976.)

*Spohn, Sanislo & Grady Co.* and *Mr. James J. Mc-Garry,* for appellee.

*Messrs. Squire, Sanders & Dempsey* and *Mr. David G. Schmidt,* for appellant Ford Motor Company.

Mr. William J. Brown, for appellants. Anthony R. Stringer, administrator of the Bureau of Workmen's Compensation, and the Industrial Commission of Ohio.

KRENZLER, J. The plaintiff appellee, hereinafter referred to as the appellee filed a claim for workmen's compensation benefits with the administrator of the Bureau of Workmen's Compensation in which he alleged that he injured his back in a work related accident on February 18, 1973 at the Ford Motor Company. On July 18, 1973 the deputy administrator of the Bureau of Workmen's Compensation disallowed the claim. On appeal the decision of the deputy administrator was upheld by the Cleveland Regional Board of Review of the Bureau of Workmen's Compensation and by the Industrial Commission of Ohio.

Pursuant to R. C. 4123.519, the appellee appealed to the Court of Common Pleas. After a trial de novo, the jury found that the appellee was entitled to participate in the Workmen's Compensation Fund and final judgment to this effect was entered on March 26, 1975.

The appellants, the Ford Motor Company, the Bureau of Workmen's Compensation and the Industrial Commission of Ohio, appeal this decision and assign as error:

"1. The trial court erred in overruling, in part, employer's motion for a directed verdict at the completion of claimant's case and there is insufficient evidence supporting the jury verdict for the reason claimant failed to prove by expert medical testimony that he, in fact, suffered a substantial aggravation of a preexisting condition which was the direct and proximate result of an alleged accident occurring on February 18, 1973.

"A. Claimant has failed to establish by credible and competent expert medical testimony that claimant suffered an aggravation of a preexisting condition.

"B. Claimant has failed to establish by credible and competent expert medical testimony that claimant suffered a substantial aggravation of a preexisting condition."

"It is noted that the praecipe accompanying the notice of appeal in this case specifically requested the clerk of

courts to "Please file with the Court of Appeals of Cuyahoga County, Ohio, Eighth Appellate District, the transcript of the docket and journal entries together with the original and other miscellaneous papers which are found in the court file in this case. Please do not prepare a trial transcript. * * *"

In this case the appellee maintains that he suffered injury to his lower back when, in the course of his employment, he attempted to retrieve a falling conveyor chain on February 18, 1973. The appellants maintain that the appellee's back was injured before February 18, 1973 and that the accident on that date did not aggravate his back problems.

Before addressing the assignment of error stated above, it is necessary to first resolve a procedural problem concerning the record. In the present case, the record on appeal consists of the original papers and a certified copy of the docket and journal entries prepared by the clerk of the trial court. We do not have before us a verbatim transcript of proceedings as provided for in Appellate Rule 9(B), a narrative statement as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D). Among the original papers is a deposition of Dr. Earl Brightman, a prospective witness called on behalf of the appellee.

It is well established that an appellant has the burden of demonstrating from the record the errors he complains of. *Baxter* v. *Baxter* (1950), 66 Ohio Law Abs. 129. The record on appeal consists of the original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court. Appellate Rule 9(A). If a party can demonstrate the error complained of by the use of the original papers and exhibits thereto or by the docket and journal entries, it is not necessary for him to provide an appellate court with a transcript of proceedings, a narrative statement, or an agreed statement as provided for in Appellate Rules 9(B), 9(C) and 9(D). However, if an ap-

pellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence, is contrary to the weight of the evidence, that there was error in the trial court's charge to the jury, or some other similar issue, it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D).

If a verbatim transcript of proceedings is to be used in an appeal, the appellant has the responsibility of initially ordering either a complete or partial transcript of the proceedings from the court reporter. The reporter shall certify such transcript as correct and state whether it is a complete or partial transcript. Appellate Rule 9(B). If a narrative or an agreed statement is to be used, the appellant has the responsibility of preparing these statements and submitting them to the appellee. Such statements must also be submitted to the trial court for settlement and approval, and then be included by the clerk of courts, as approved, in the record on appeal. Appellate Rules 9(C) and 9(D).

We must now determine the status of a witness's deposition when it is filed with the clerk of courts. The mere filing of a deposition of a witness with the clerk of courts pursuant to Civil Rules 30(F) and 32(A) does not automatically make such deposition a part of the transcript of proceedings.* The transcript of proceedings is a verbatim transcription of the trial proceedings, including the testimony and exhibits, which is prepared and certified by the court reporter pursuant to Appellate Rule 9(B). When a deposition is read verbatim at a trial in lieu of the personal appearance and testimony of a witness, and one of the parties desires to use this testimony on appeal, that party can request the court reporter to prepare a verbatim transcript of testimony. The reporter will certify it as cor-

---

*In certain circumstances depositions can be introduced at trial as evidence. See, for example, R. C. 4123.519 and Civil Rule 32.

rect and state whether it is a complete or partial transcript. Appellate Rule 9(B).

Additionally, it is recognized that a party may want to minimize his costs of appeal by not paying for the preparation of the above verbatim transcript of proceedings. Therefore, in a case where a deposition of a witness is read at the trial and the appellant wants to minimize his costs, he can request the court reporter to certify the deposition itself as a partial verbatim transcript of proceedings pursuant to Appellate Rule 9(B), or he can attempt to comply with Appellate Rule 9(D) by seeking to use the deposition as an agreed statement. In this case he must seek approval of the other party and then submit the statement to the trial court for settlement and approval. An approved agreed statement will then be included by the clerk of courts in the record on appeal.

In this case, because the appellants are relying on the testimony of Dr. Brightman to sustain their burden in regard to their assignment of error, it is necessary to have Dr. Brightman's testimony as a part of the transcript of proceedings. There is nothing in the record before this court to show whether Dr. Brightman was a witness at the trial either in person or by the reading of his deposition. Therefore, the testimony of Dr. Brightman is not before this court in this appeal, and we cannot say that the assignment of error is well taken. We affirm the judgment of the trial court.

*Judgment affirmed.*

SILBERT and COOK, JJ., concur.

SILBERT, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.

COOK, J., of the Eleventh Appellate District, sitting by designation in the Eighth Appellate District.