MILLAR, APPELLANT, *v.* BOWMAN, APPELLEE.

(No. 83-04-027—Decided December 5, 1983.)

*Mr. William G. Fowler,* for appellant Caron Susan Millar.

*Mr. Scott H. Ray, Jr.,* for appellee Harold Bowman.

*Per Curiam.* This cause came on to be heard upon an appeal from the Mason Municipal Court of Warren County.

This cause was initiated by plaintiff-appellant on April 20, 1982, following an automobile accident which occurred on

June 18, 1981. The complaint alleged that appellant was injured as a result of a negligent and/or intentional act of defendant-appellee. Appellee's answer generally denied the allegations of the complaint, did not raise any defenses and asserted a counterclaim alleging that he had been injured as a result of appellant's negligence.

A trial in Mason Municipal Court ensued. The court, apparently sitting as the fact-finder, found that:

(1) The defendant "did negligently drive his motor vehicle into the vehicle owned by plaintiff, thereby violating the plaintiff's Assured Clear Distance" and found that "plaintiff did not cut off or interfere with defendant's Assured Clear Distance";

(2) The defendant failed to establish his counterclaim; and

(3) The plaintiff's own action "of putting on her brake lights because the defendant was so close" amounted to contributory negligence.

The court then dismissed appellee's counterclaim and found that, despite appellee's negligence, appellant's contributory negligence barred her recovery. This timely appeal was subsequently initiated and appellant now raises the following two assignments of error:

### Assignment of Error No. I

"The court erred by ruling that appellant could not recover damages because she was contributorily negligent."

### Assignment of Error No. II

"The court erred by finding contributory negligence when appellee failed to set forth in his answer such an affirmative defense."

---

[1] R.C. 2315.19(B) provides that the findings discussed above to be made by the trial court are only required "[i]n any negligence action in which contributory negligence is asserted as a defense * * *." Appellant, in his

## I

In *Wilfong* v. *Batdorf* (1983), 6 Ohio St. 3d 100, the Ohio Supreme Court held that the comparative negligence statute, R.C. 2315.19, applies to negligence cases tried on or after June 20, 1980. This case was tried on March 17, 1983. Accordingly, R.C. 2315.19, if properly invoked,[1] should have been applied by the court below.

R.C. 2315.19(B) states that the trial court, in a non-jury trial, *shall* make findings of fact that specify:

"(1) The total amount of damages that would have been recoverable by the complainant but for his negligence;

"(2) The percentage of negligence that directly and proximately caused the injury, in relation to one hundred per cent, that is attributable to each party to the action."

There is no such finding of fact in the record. The legislature clearly placed the duty on the trial court to make certain specific findings. We cannot assume, as appellee argues, that appellant's negligence must have been greater than that of appellee simply because appellee won below.

Accordingly, appellant's first assignment of error is well-taken and, on remand, R.C. 2315.19 should be applied by the trial court.

## II

Appellant next argues that the defense of contributory negligence was waived by appellee's failure to affirmatively plead it and that the trial court improperly based its decision on what it found to be appellant's breach of duty. Appellant directs this court's attention to Civ. R. 8(C) and 12(H).

Civ. R. 8(C) provides that:

"* * * In pleading to a preceding

second assignment of error, contends that contributory negligence was *not* properly asserted as a defense. Our resolution of that argument against appellant precludes this court from simply entering judgment in appellant's favor.

pleading, a party *shall* set forth affirmatively * * * contributory negligence, * * *. When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation." (Emphasis added.)

There is no doubt that appellee's counterclaim herein was meant to be a counterclaim. He causally linked appellant's conduct to *his own* (appellee's) injuries and demanded $2,500 in compensatory damages and $5,000 punitive damages. Thus, the last sentence of the above-quoted passage cannot be applied.

Civ. R. 12(H) was amended on July 1, 1983. Prior to the amendment, the rule provided that:

"(H) Waiver of defenses and objections.

"A party waives all defenses and objections which he does not present either by motion as hereinbefore provided or if he has made no motion, by responsive pleading or an amendment thereof made as a matter of course under Rule 15(A), except (1) the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the defense of lack of jurisdiction of the subject matter, and the objection of failure to state a legal defense to a claim, may be made by a later pleading, if one is permitted, by motion for judgment on the pleadings or at the trial on the merits; and except (2) whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

This would appear to support appellant's supposition that a failure to plead a defense is a waiver of that defense.

However, Civ. R. 12(H) now provides that:

"(H) Waiver of defenses and objections.

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course.

"(2) A defense of failure to state a claim upon which relief can be granted, a defense of failure to join a party indispensable under Rule 19, and an objection of failure to state a legal defense to a claim may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits.

"(3) Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

This section now appears aimed primarily at determining when the defenses discussed in Civ. R. 12(B) may be waived and does not support the broad theory asserted by appellant.

This amendment would appear to overrule *dicta* in *Mills* v. *Whitehouse Trucking Co.* (1974), 40 Ohio St. 2d 55, 59-60 [69 O.O.2d 350], which stated that:

"* * * If the bar of the statute is not raised either by motion before pleading or affirmatively in a responsive pleading, or by amendment made under Civ. R. 15, then the defense is waived under Civ. R. 12(H), *as are all other affirmative defenses which a party may present.*" (Emphasis added.)

While the pre-1983 version of the Civ. R. 12(H) appeared to establish a general rule that, with certain exceptions a defense not pleaded is waived, the 1983 amendment to Civ. R. 12(H) makes it clear that such an interpretation is no longer appropriate.

Further persuasive evidence against appellant's argument is found in Civ. R. 15(B) which provides that:

"* * * When issues not raised by the

pleadings are tried by express or implied consent of the parties, *they shall be treated in all respect as if they had been raised in the pleadings. * * * Failure to amend as provided herein does not affect the result of the trial of these issues. * * *"* (Emphasis added.)

There is no transcript of proceedings in the record of this case. This court cannot, then, determine if the issue of contributory negligence was tried with or without the express or implied consent of the parties. Appellant, of course, bears the burden of establishing before this court the impropriety of the action taken below. App. R. 9(B); *Conley* v. *Conley* (1975), 45 Ohio App. 2d 1 [74 O.O.2d 6]. Where the record does not exhibit to the contrary, we must presume the regularity of the judgment entered by the court below. *Reid* v. *Sacks* (1961), 172 Ohio St. 102 [15 O.O.2d 173]; *Security Ins. Co.* v. *Regional Transit Auth.* (1982), 4 Ohio App. 3d 24. The trial court found contributory negligence to be an issue in the trial below and appellant has not convinced this court, by evidence properly before us, that the lower court's finding was erroneous.

Accordingly, we must overrule appellant's second assignment of error.

The assignments of error properly before this court having been ruled upon as heretofore set forth, it is the order of this court that the judgment herein appealed from be, and the same hereby is, reversed and remanded for further proceedings not inconsistent with this decision.

*Judgment reversed and*
*cause remanded.*

KOEHLER, P.J., JONES and JACKSON, JJ., concur.

JAMES W. JACKSON, J., of the Court of Common Pleas of Lake County, sitting by assignment in the Twelfth Appellate District.