Charles Knight, plaintiff-appellant, appeals the May 11, 1998 judgment of the Court of Claims of Ohio granting judgment in favor of the defendant-appellee, Department of Rehabilitation and Correction ("DRC"). We affirm.
On October 19, 1994, appellant was an inmate at Lebanon Correctional Institution ("LCI"). Prior to October 19, 1994, the ceiling above the data processing center at LCI had been leaking, and repairs were being made on the roof above that area. Although the morning shift for inmates working at the data processing center had been cancelled on October 19, 1994, due to the water leaks in the area, the roof was repaired, and the afternoon shift worked as scheduled. Upon arriving at the data center to work the afternoon shift, appellant noticed that the ceiling tiles were sagging, and he expressed concern as to his safety. However, appellant was assured by prison officials that the working area was safe. While working during the afternoon shift, appellant was struck in the head by a falling ceiling tile. The data processing center was closed for the night, and appellant was taken to the LCI infirmary.
On August 15, 1996, appellant filed a complaint in the Court of Claims of Ohio against DRC sounding in negligence and requesting damages as the result of the injuries he sustained in the incident at LCI on October 19, 1994. On October 15, 1996, appellee filed an answer raising the defense of contributory negligence on the part of appellant, as well as other defenses.
On May 11, 1998, the Court of Claims found appellant comparatively negligent and rendered judgment in favor of appellee. The Court of Claims reasoned that (1) appellee was negligent because after having actual notice of the hazard, it failed to exercise reasonable care by reopening the work area before it had inspected the tiles; (2) appellant blatantly disregarded the potential hazard when he did not exercise due care to leave the immediate work area after gaining knowledge of the potential hazard; (3) appellant was comparatively negligent pursuant to R.C. 2315.19 because any alleged breach by appellee was less of a causative factor than was appellant's own negligence. Appellant then filed an appeal to the decision of the Court of Claims.
Appellant asserts the following assignments of error:
"Assignment of Error I
 "THE FINDING BY THE COURT OF CLAIMS THAT THE PLAINTIFF-APPELLANT'S COMPARATIVE NEGLIGENCE OUTWEIGHS THE NEGLIGENCE OF THE DEFENDANT-APPELLEE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
"Assignment of Error II
 "THE COURT OF CLAIMS ERRED IN FINDING THAT THE PLAINTIFF-APPELLANT, AN INCARCERATED STATE PRISONER AND IN INVOLUNTARY SERVITUDE, HAD FREEDOM OF CHOICE TO EXERCISE DUE CARE TO AVOID INJURY."
Appellant argues in his first assignment of error that the finding of the Court of Claims that his comparative negligence outweighed the negligence of appellee was against the manifest weight of the evidence. Initially, we note that defendant has failed to provide a transcript of the proceedings in the Court of Claims. "It is well established that an appellant has the burden of demonstrating from the record the errors he complains of." Conway v. Ford Motor Co. (1976), 48 Ohio App.2d 233, 236.
App. R. 9(B) states in part:
 "* * * If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
Thus, if an appellant seeks to urge on appeal that a finding is unsupported by the evidence or is contrary to the weight of the evidence, "it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D)."Conway at 237. In the absence of a transcript or some other substitute statement, this court has no basis upon which to determine the sufficiency or manifest weight of the evidence. Under such circumstances, we must presume the validity of the lower court's proceedings and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Therefore, because appellant failed to file a transcript with this court, his first assignment of error is overruled.
Appellant states in his second assignment of error that the Court of Claims erred in finding him comparatively negligent because, as an incarcerated state prisoner in involuntary servitude, he did not have freedom of choice to exercise due care to avoid injury. However, what appellant actually argues in the text of his second assignment of error is that the Court of Claims erred in not making specific findings, pursuant to R.C. 2315.19(B), as to the total amount of damages that would have been recoverable by the appellant but for his negligence, and the percentage of negligence that directly and proximately caused the injury, in relation to one hundred percent attributable to each party.
R.C. 2315.19(B) provides:
 "(B) If contributory negligence, other contributory tortious conduct, or implied assumption of the risk is asserted and established as an affirmative defense to a negligence claim, the court in a nonjury action shall make findings of fact, and the jury in a jury action shall return a general verdict accompanied by answers to interrogatories, that shall specify the following:
 "(1) The total amount of the compensatory damages that would have been recoverable on that negligence claim but for the negligence, other tortious conduct, or implied assumption of the risk of the plaintiff or the person for whom the plaintiff is legal representative;
 "(2) The portion of the compensatory damages specified under division (B)(1) of this section that represents economic loss;
 "(3) The portion of the compensatory damages specified under division (B)(1) of this section that represents non-economic loss;
 "(4) The percentage of negligence, other tortious conduct, or implied assumption of the risk determined pursuant to division (C) of section 2307.31 of the Revised Code."
This court addressed a similar argument in Longfellow v. OhioDept. of Transp. (Dec. 24, 1992), Franklin App. No. 92AP-549, unreported (1992 Opinions 6154). In Longfellow, the Court of Claims found the appellant was "at least fifty-one percent" negligent and rendered a judgment in favor of the appellee. The appellant argued that the Court of Claims erred in failing to follow R.C. 2315.19(B) when it found only that she was "at least fifty-one percent" negligent and did not assign exact percentages or include the amount of damages that she would have recovered but for her own negligence. In overruling the appellant's objection and finding she suffered no prejudice as the result of the determination by the Court of Claims, we held:
 "Although the trial court might have been more precise, the evidence supported the court's determination that appellant was more negligent than ODOT, thus resulting in a denial of recovery. No prejudice to appellant resulted from the manner in which the court described the percentage of negligence to be ascribed to her, since, regardless of the exact percentage, the court clearly determined that appellant could not recover because she was more negligent than ODOT." Longfellow at 6172.
In the present case, the Court of Claims found:
 "However, even though defendant was negligent, plaintiff still will not prevail. Ohio's comparative negligence statute, R.C. 2315.19, bars plaintiff from recovery if his actions were a greater cause (more than fifty percent) of his injuries than any acts of defendant. The court finds that any alleged breach by defendant was less of a causative factor than was plaintiff's own negligence. * * * Therefore, even though defendant was negligent, plaintiff will not prevail due to his own negligence." (Emphasis added.)
In the present case, as in Longfellow, the Court of Claims found that appellant's actions were a greater cause of the injuries than any acts of appellee. Appellant presents no compelling argument that he was prejudiced in any way by the finding of the Court of Claims. We find no prejudice to appellant resulted from the Court of Claim's failure to make a finding as to the damages that would have been recoverable but for appellant's negligence, or its failure to make a finding as to the exact percentage of negligence between the parties, since, regardless of the exact percentages or the amount of damages that would have been recoverable, the court clearly determined that appellant could not recover because he was more negligent than DRC.
Appellant cites Millar v. Bowman (1983), 13 Ohio App.3d 204, and Republic-Franklin Ins. Co. v. Smith (1984), 19 Ohio App.3d 324, for the proposition that this court must reverse the decision of the trial court if the court failed to make specific findings in the record pursuant to R.C. 2315.19. However, in both cases cited by appellant, the findings by the trial courts were far more vague and uncertain than the finding by the court in the present case. In Millar, the trial court merely found that the appellant's contributory negligence barred her recovery. Millar at 205. In Republic-Franklin Ins.Co., the trial court stated in its judgment entry only that ' "* * * a decision in favor of the defendants was duly rendered orally in open court' and ordered that '* * * the plaintiff take nothing, [and] that the action be dismissed on the merits * * *.' " Republic-Franklin Ins. Co. at 325. In neitherMillar nor Republic-Franklin Ins. Co. did the trial courts find that the plaintiffs were barred from recovery because the plaintiffs' actions were a greater cause (more than fifty percent) of their injuries than any acts of the defendants, as is required by R.C. 2315.19. However, in the present case, as in Longfellow, the Court of Claims specifically found that appellant's actions were a greater cause (more than fifty percent) of his injuries than any acts of appellee. Thus, unlike Millar and Republic-Franklin Ins. Co., in the present case there is no doubt that the Court of Claims applied R.C.2315.19 and performed the proper comparative negligence analysis. We find Millar and Republic-Franklin Ins. Co.
distinguishable from the facts in the present case.
Therefore, because appellant has failed to show that he was prejudiced in any way by the finding of the Court of Claims of Ohio, we overrule appellant's second assignment of error.
For the forgoing reasons, appellant's assignments of error are overruled, and the judgment of the Court of Claims of Ohio is affirmed.
Judgment affirmed.
BOWMAN and YOUNG, JJ., concur.
J., retired, of the Tenth District Court of Appeals, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.