{¶ 63} Allison has provided this court with an inadequate record. Because I disagree with the majority's decision to permit Allison to improperly include Dr. Crum's deposition in the record of this case at this late stage of the proceedings, I must respectfully concur in judgment only. Because Allison failed to provide us with a sufficient record to address his last two assignments of error, we must presume the trial court's challenged rulings were correct, and affirm the decision of the trial court on that basis.
 {¶ 64} Allison has provided this court with only a partial transcript of the trial proceedings consisting of: 1) testimony elicited from Allison; 2) the trial court's rulings on the exhibits proffered by the parties for admission into evidence; 3) the jury instructions; a "proffer" by Allison's counsel, made after the jury had been dismissed to begin deliberations, consisting of 4) argument with respect to exclusion of an exhibit; 5) two "objections" regarding Dr. Crum's deposition; 6) as discussed supra, the trial court's refusal to use Allison's proffered interrogatory; and, 7) a question from the jury. The objectionable line of questioning is contained in the deposition of Dr. Crum, which was filed before trial.
 {¶ 65} There is some indication in the partial trial transcript filed by Allison that Dr. Crum's deposition apparently had been read into the record, which reveals: 1) prior to the jury being charged, counsel presented their arguments as to the admissibility of the proffered exhibits attached to Dr. Crum's deposition and the trial court made its rulings on those exhibits and 2) during cross-examination, counsel for Daniels uses a portion of Dr. Crum's deposition and indicates it will be read later.
 {¶ 66} However, there is no designation in the partial transcript filed with this court indicating whether the deposition was read in its entirety or in part at trial. For example: "Whereupon, the deposition transcript of Dr. Crum was read into the record." Similarly, we are unable to surmise whether any objections were made by counselcontemporaneous with the deposition being read into the record during Allison's case in chief. To the contrary, the partial transcript reveals objections were made after the jury was charged and had been dismissed to begin its deliberations. Finally, we cannot deduce from the record before us the trial court's ruling upon the purported objections to the testimony contained in Dr. Crum's deposition, as they were not transcribed and included in the partial transcript filed with this Court.
 {¶ 67} "It is well settled that appellant has the duty to demonstrate error on appeal and must provide a record which exemplifies that claimed error." Tyrrell v. Investment Assoc., Inc. (1984),16 Ohio App.3d 47. This is true because "appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Koruschak v.Smortrilla (July 16, 2001), 7th Dist. No. 99 CA 320, p 1, quoting Knappv. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. See also, Statev. Gross, 7th Dist. No. 01 CA 115, 2002-Ohio-3465, at p. 14, footnote 1.
 {¶ 68} In Conway v. Ford Motor Company (1976), 48 Ohio App.2d 233, the court opined:
 {¶ 69} "The mere filing of a deposition of a witness with the clerk of courts pursuant to Civ[.]R[.] 30(F) and 32(A) does notautomatically make such deposition a part of the transcript ofproceedings. * * * The transcript of proceedings is a verbatim transcription of the trial proceedings, including the testimony and exhibits, which is prepared and certified by the court reporter pursuant to App[.]R[.] 9(B). When a deposition is read verbatim at a trial in lieu of the personal appearance and testimony of a witness, and one of the parties desires to use this testimony on appeal, that party can request the court reporter to prepare a verbatim transcript of testimony. The reporter will certify it as correct and state whether it is complete or partial transcript. App[.]R[.] 9(B).
 {¶ 70} "* * * [I]n a case where a deposition of a witness is read at the trial and the appellant wants to minimize his costs, he canrequest the court reporter to certify the deposition itself as a partialverbatim transcript of proceedings pursuant to App[.]R[.] 9(B), or he can attempt to comply with App. [.]R[.] 9(D) by seeking to use the deposition as an agreed statement." (Emphasis added) Id. at 237-238.
 {¶ 71} Allison has failed to avail himself of these options. While filed with the clerk prior to the trial, as would interrogatory responses and other discovery tools, the deposition at issue is not properly before this court for the purpose Allison wishes to use it. "Even when a partyreads a deposition verbatim at trial, the court reporter must certify thedeposition as a partial verbatim transcript of trial. Absent such acertification or other adequate record of trial, a reviewing court cannotconsider such materials." Gibson v. Westfall (Oct. 7, 1999), 8th Dist. Nos. 74628, 74977, citing Conway (rejecting appellant's reliance upon a pre-trial transcript and deposition). See also Mastrinocola v. Frey (July 21, 1995), 11th Dist. No. 94-G-1893, and Jackson v. Pollack (Oct. 7, 1993), 8th Dist. No. 63769.
 {¶ 72} Much like the present case, the appellant in Jones v.Bartley (Nov. 10, 1993), 11th Dist. No. 92-07-2536, was injured in an automobile accident and awarded $7,000 by a jury. She appealed arguing the award was too low. Appellant asserted testimony by a treating physician regarding the contents of medical reports prepared by other physicians should have been excluded as hearsay. She provided the appellate court with a partial transcript of the deposition of the medical expert. The court held it could not review the issued raised in that case, specifically, whether there was a causal connection between the admission of the testimony and the amount of the award, without a complete transcript. As a result, the trial court's proceedings in Jones
were presumed to be valid and the judgment was affirmed.
 {¶ 73} Allison claims the trial court in this case permitted the introduction of medical guidelines without the proper foundation. In Ohio, the general rule is that errors which are not preserved by objection at the trial are considered waived and may not be raised upon appeal. See Stores Realty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 43, 70 O.O.2d 123, 322 N.E.2d 629. Moreover, the objection must be made contemporaneous to the challenged testimony.
 {¶ 74} "The waiver rule requires that a party make a contemporaneous objection to alleged trial error in order to preserve that error for appellate review. The rule is of long standing, and it goes to the heart of any adversary system of justice." State v. Murphy
(2001), 91 Ohio St.3d 516, 532, 747 N.E.2d 765.
 {¶ 75} As noted by the majority, counsel was questioned by this panel at oral argument regarding this point. However, my recollection of the court's statement to counsel differs. At that time, we offered counsel for Allison the opportunity to verify that a complete record, demonstrating the error was in fact preserved, had been properly filed with this Court. What we subsequently received from counsel appears to be a copy of Dr. Crum's deposition, bearing the pre-trial file stamp date of March 6, 2001, with red slashes through purportedly objectionable portions of the testimony. There were also handwritten notes indicating objections had been overruled, presumably by the trial court. However, this copy of Dr. Crum's deposition was never filed with the trial court, nor is there a record of the trial court's rulings on the objections that were presumably made. Significantly, this proffered copy of Dr. Crum's deposition clearly state on page 96 "signature not waived", and further lacks the court reporter's certification required by App.R. 9(B).Conway, Gibson.
 {¶ 76} Admittedly, Daniels' counsel stated at oral argument he would not object to counsel for Allison presenting this Court with a more complete record of the trial court proceedings. The parties may have even gone so far as to agree there was a redacted version of Dr. Crum's deposition presented at trial. However, it is most significant there is no evidence Daniels' counsel was ever given the opportunity to review the materials handed to the court administrator after oral argument. Therefore, he could not and did not stipulate that these materials were correct. Accordingly, I believe it is incumbent upon this court to refuse to accept the perfunctory offering of what may be a mere self-serving version of the trial proceedings.
 {¶ 77} Counsel for Allison was remiss by presenting to this court only a partial transcript of the proceedings. In order for the proffered redacted deposition to be included in the record for our consideration, as contemplated by the appellate rules, it should have been filed with the court during trial, or transcribed by the court reporter as it was read into the record. Likewise, the trial court's ruling on the objections should have been transcribed and filed for our review. As previously stated, this deficiency could have been easily remedied by following the mandates of App.R. 9(D). The purpose of oral argument is to provide the panel members an opportunity to discuss the merits of the issues raised by the parties prior to deciding the case. It is not an opportunity for the parties to fix procedurally fatal errors.
 {¶ 78} Moreover, as noted in ¶ 4, the partial transcript which was filed discloses counsel for Allison objected to the use of the Mercy report after the close of evidence and the jury had been dismissed to begin deliberations. There is no ruling by the trial court, presumably because the case had already gone to the jury for deliberations. Consequently, we cannot tell from the record before us whether Allison contemporaneously objected to the admission of the medical guidelines. As held in Jones and Murphy, Allison's failure to contemporaneously object at trial waives the error on appeal. Thus, even if we do allow Allison to refile this deposition as a part of the record on appeal, Allison failed to provide this court with an adequate record to review the second assignment of error. Accordingly, we are required to presume the validity of the trial court's rulings with regard to the Mercy report and affirm the trial court.
 {¶ 79} In his third assignment of error, Allison alleges the trial court erred by admitting into evidence collateral source payments. As evidenced by the record, Allison filed a motion in limine requesting that evidence of collateral source payments be excluded at trial. However, an appellate court does not directly review the rulings on motions in limine. A pre-trial ruling on such a motion is a preliminary, precautionary ruling by a court in anticipation of its ruling on evidentiary issues at trial. State v. Grubb (1986), 28 Ohio St.3d 199,201-202, 503 N.E.2d 142; McCabe/Marra Co. v. Dover (1995),100 Ohio App.3d 139, 160, 652 N.E.2d 236. A court's initial denial of a motion in limine does not preserve the error for review. State v. Hill
(1996), 75 Ohio St.3d 195, 202-203, 661 N.E.2d 1068. The evidence at issue must be presented at trial, and a proper, timely proffer made in order to preserve the error for appeal. State v. Grubb,28 Ohio St.3d at 201, 503 N.E.2d 142. By failing to raise the issues advanced in the motion in limine, the objecting party waives the right to raise those issues on appeal. Id.
 {¶ 80} Once again, Allison's failure to file the complete record in this case greatly hinders our ability to review the assigned error. Although it is possible the testimony in question may have been presented to the jury, it is impossible to know whether counsel made a timely, contemporaneous objection to the admission of this testimony at trial. See Murphy. To the contrary, the partial transcript reveals counsel objected after the jury began its deliberations. Again, as was the case with counsel's objection to the Mercy report, the trial court likewise presumably did not rule on this objection as it was untimely. Because we have nothing to pass upon regarding this assigned error, we are again left with no choice but to presume the validity of the lower court's proceedings. Jones, Murphy, Gross. As with his second assignment of error, this court must presume the propriety of the trial court's decision with regard to this assignment of error and affirm the trial court.
 {¶ 81} For the preceding reasons, I would affirm the trial court's decision.