OPINION
{¶ 1} Defendant-appellant, Patrick McGreevy, appeals from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, 513 East Rich Street Company. For the following reasons, we affirm that judgment.
 {¶ 2} Beginning on February 1, 1998, appellant entered into a one-year lease with appellee to rent an office located at 513 East Rich Street ("the property"). Pursuant to that lease, appellant agreed to pay $381 a month rent due by the first of each month. Rent payments made after the third day of the month were subject to a $50 late fee, plus an additional charge of $5 per day until the payment was received. The lease also provided for a $15 charge for any rent checks refused by the bank. If appellant remained in possession of the property after the expiration of the lease, the lease provided that he would become a tenant-at-will and would pay an increased amount of rent under the same terms and conditions set forth in the original lease.
 {¶ 3} It appears that, after the original lease expired, appellant continued to rent the property without a new lease as a tenant-at-will. On December 4, 2001, appellee filed a complaint in forcible entry and detainer to have appellant evicted from the property. Appellee also sought money damages, alleging that it was owed three months' past-due rent from appellant, two charges for previously refused checks, and past-due rent and late fees for any months appellant remained in possession of the property. Appellant vacated the premises late in December 2001. Appellee then filed an amended complaint on March 26, 2002, requesting additional money damages. In addition to the previously requested damages, appellee also claimed appellant did not make his rental payment for May 2001, and appellant owed late fees for late rental payments made at various times during his tenancy. Appellee also claimed appellant stole two chairs when he vacated the property. Appellant did not file an answer to appellee's amended complaint.
 {¶ 4} The case was tried to the court on September 5, 2002. Appellant has failed to provide this court with a transcript of the proceedings below. Appellant asserts that, on the day of trial, he orally moved for an order compelling appellee to produce certain records which appellant had requested in a discovery request served in May 2002. Appellant also allegedly requested a continuance of the trial date. Apparently, appellant's oral motion was denied and the case was tried to the court. The record reflects that appellant filed a written motion to compel and motion for continuance the day after the trial. The record does not reflect a written decision on this motion.
 {¶ 5} By entry dated October 2, 2002, the trial court awarded judgment in favor of appellee for $3,206, plus interest and costs. That amount included three months of unpaid rent in 2001, four $15 charges for returned checks and 43 separate $50 charges for late payments made at various times during his tenancy. The trial court specifically held that the $5 per day late charge was a penalty and unenforceable.
 {¶ 6} Appellant appeals, assigning the following as error:
 {¶ 7} "1. The trial judge did not require Plaintiff to produce any discovery or documents to Defendant as requested.
 {¶ 8} "2. The trial judge erred in accepting a lease that expired on January 31, 1999 as a valid lease that still governed the relationship of the parties involved.
 {¶ 9} "3. The trial judge erred in deciding rent payments were late. Plaintiff failed to carry the burden of proof the payments were late."
 {¶ 10} Appellant contends in his first assignment of error that the trial court erred in denying his motion to compel discovery. A trial court's decision on a motion to compel discovery is within its broad discretion and will not be reversed absent an abuse of such discretion. Stewart v. Seedorff (May 27, 1999), Franklin App. No. 98AP-1049. An abuse of discretion connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Berk v. Matthews (1990), 53 Ohio St.3d 161, 169.
 {¶ 11} Appellant allegedly served his discovery requests on May 4, 2002. It is unclear from the record how appellee responded to those requests. Regardless, appellant waited until the day of trial to present the alleged dispute to the trial court. There is no indication appellant tried to informally resolve the discovery dispute as required by Civ.R. 37(E) in the months before bringing the dispute to the court's attention. See Briggs v. Glenbeigh Health Serv. (Nov. 30, 2000), Cuyahoga App. Nos. 77395 and 77665 (affirming denial of motion to compel where movant failed to informally resolve dispute). Additionally, appellant's written motion was filed the day after trial. It is obvious that a motion to compel discovery in a proceeding must be filed before trial. Cf. Williams-Pytlik v. Biviano (Aug. 7, 1998), Trumbull App. Nos. 97-T-0022 and 97-T-0063 (finding trial court did not abuse its discretion in denying motion to compel that was filed after judgment). Even assuming appellant orally moved for an order compelling discovery on the day of trial, given the period of time appellant had before trial to resolve this dispute with or without the court's assistance, we cannot conclude that the trial court abused its discretion in denying the motion. Moreover, without a trial transcript, we must presume the validity of the proceedings below. Appellant's first assignment of error is overruled.
 {¶ 12} This court is unable to review the merits of appellant's second and third assignments of error because appellant has not provided a transcript of the trial proceedings. Miller v. Ameritech, Franklin App. No. 01AP-1209, 2002-Ohio-1313. The duty to provide a transcript for appellate review is with the appellant as appellant has the burden of showing error by reference to the record. Id., citing Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id. Because appellant has not provided this court with a transcript of the trial proceedings, we must presume the validity of the trial court's proceedings and affirm those proceedings. Appellant's second and third assignments of error are overruled.
 {¶ 13} Although not argued as a separate assignment of error, appellant also contends that appellee waived all the late fees by accepting appellant's late rent payments without accessing him late fees. Waiver is an affirmative defense listed in Civ.R. 8(C). An affirmative defense must be asserted by motion pursuant to Civ.R. 12(B), in a responsive pleading pursuant to Civ.R. 8(C), or in an amended pleading pursuant to Civ.R. 15. Mills v. Whitehouse Trucking Co. (1974),40 Ohio St.2d 55, 57; Carmen v. Link (1997), 119 Ohio App.3d 244, 250. The failure to utilize any of these methods results in a waiver of the affirmative defense. Id., citing Spence v. Liberty Twp. Trustees (1996),109 Ohio App.3d 357, 366.
 {¶ 14} However, an affirmative defense not raised by motion or pleading may still be asserted at trial with the express or implied consent of the parties. Millar v. Bowman (1983), 13 Ohio App.3d 204,206-207; Cooper v. Grace Baptist Church of Columbus, Ohio, Inc. (1992),81 Ohio App.3d 728, 735; Civ.R. 15(B). It is apparent from the trial court's decision that the issue of waiver was tried below, although it is not clear whether it was tried with the express or implied consent of the parties. Cooper, supra. Even if this affirmative defense was tried with the express or implied consent of the parties, there is no transcript of the trial court proceedings. Without such transcript, we must presume the validity of the proceedings and affirm the trial court's judgment finding appellee did not waive its right to charge appellant late fees. Knapp, supra.
 {¶ 15} In conclusion, having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.