> Judgment affirmed in part
> and reversed in part,
> and cause remanded.

COONEY, P.J., and BLACKMON, J., concur.

---

The STATE of Ohio, Appellee,

v.

MITCHELL, Appellant.

[Cite as *State v. Mitchell*, 171 Ohio App.3d 225, 2007-Ohio-1696.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 88051.

Decided April 12, 2007.

Robert L. Tobik, Cuyahoga County Public Defender, and Erika B. Cunliffe, Assistant Public Defender, for appellant.

William D. Mason, Cuyahoga County Prosecuting Attorney, and Deena Calabrese, Assistant Prosecuting Attorney, for appellee.

JAMES J. SWEENEY, Presiding Judge.

{¶ 1} Defendant-appellant, Marvin Mitchell, appeals from his conviction for domestic violence. Defendant maintains that he is entitled to a new trial because he believes the admission of a tape recording of 911 calls violated the Confrontation Clause of the Sixth Amendment to the United States Constitution. For the reasons that follow, we affirm.

{¶ 2} Defendant was indicted on one count of domestic violence (including a prior-conviction specification) and one count of kidnapping. The matter proceeded to a bench trial. Over defendant's objection, the trial court allowed the state to play a recording of 911 calls.

{¶ 3} The parties stipulated to the prior-conviction specification, and the court found defendant guilty of domestic violence and not guilty of kidnapping.

{¶ 4} The state called three witnesses, including the victim, who is now defendant's ex-wife, Santiago. Santiago testified that on December 22, 2005, the couple resided together. Santiago returned to the home following a holiday party, at which point she began to endure abuse at the hands of defendant. According to her, for a period of an hour and a half, defendant smacked her, choked her, threw shoes at her, and threatened to pour hot grease on her. Defendant then demanded that Santiago take him to his mother's house, where family members were congregating. She complied. Defendant's mother lived at 6911 Madison Avenue, Cleveland, Ohio. She stated that everyone, including her, was drinking and smoking marijuana. Defendant continued to beat her at this location. Eventually, a fight broke out when defendant pocketed two marijuana "joints." His mother became angry and wanted him out of the house. Santiago testified that defendant "kept coming after her" and swinging at people. Defendant actually hit his two-year-old niece when swinging at his sister.

228

{¶ 5} Both Santiago and defendant confirmed that several calls were made to 911 from defendant's mother's residence. Defendant indicated that his mother and his nephew called the police. Consequently, defendant was aware that the police were coming and reportedly waited patiently outside for their arrival. The arresting officer observed Santiago and described her as being in a very nervous state and crying "with fear in her eyes." Defendant was arrested.

{¶ 6} Defendant testified and denied any wrongdoing beyond pocketing the marijuana joints. He recalls a nice, fun evening during which he did not lay a hand on anyone but was himself smacked by his mother.

{¶ 7} A Cleveland Police Detective testified at trial concerning his investigation of the events and the 911 tapes related to it. He personally picked up the tape from the chief dispatcher in the Third District. He stated that 911 tapes are maintained there in the ordinary course of business. The subject tape pertained to calls from 6911 Madison Avenue on December 22, 2005. He reviewed the tape, and according to him, it contained the 911 calls that were received by dispatch from that address.

{¶ 8} Defendant is serving a nine-month sentence for his domestic-violence conviction and assigns the following sole assignment of error for our review.

{¶ 9} "I. Mr. Mitchell's right to confrontation was violated when the prosecution introduced inadmissible hearsay from unidentified individuals without proper foundation or authentication."

## A. Authentication.

{¶ 10} While defendant objected to the admission of the tape, he did not challenge the authenticity of it at the trial court below. Accordingly, he has waived all but plain error.

{¶ 11} Defendant argues that the 911 tape was not properly authenticated in the absence of testimony from the actual callers and/or dispatchers who received the calls. A similar argument was advanced and rejected in *State v. Sprouse*, Franklin App. No. 05AP–467.

{¶ 12} "[T]he requirement of authentication is satisfied when a proponent presents foundational evidence or testimony from which a rational jury may determine that the evidence is what its proponent claims it to be." Id., citing *Andrews v. Riser Foods, Inc.* (Oct. 16, 1997), Cuyahoga App. No. 71658, 1997 WL 638809. "The proponent need not offer conclusive evidence as a foundation but must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury." *State v. Farrah* (Apr. 18, 2002), Franklin App. No. 01AP–968, 2002 WL 576110, *5.

{¶ 13} As set forth previously in this opinion, the testimony of the police detective who obtained the tape through the chain of custody and the testimony of both the victim and the defendant provided sufficient evidence from which to conclude that the evidence is what the state purported it to be—namely, 911 calls made from defendant's mother's home on the date in question.

## B. Hearsay

{¶ 14} Defendant next maintains that the 911 tape constitutes inadmissible hearsay and that its admission violated his Sixth Amendment right to be confronted with witnesses against him. This contention lacks merit.

{¶ 15} In *Davis v. Washington* (2006), —— U.S. ——, 126 S.Ct. 2266, 2274, 165 L.Ed.2d 224, the United States Supreme Court confronted the issue of "whether the Confrontation Clause applies only to testimonial hearsay; and, if so, whether the recording of a 911 call qualifies."

{¶ 16} In the case of 911 calls, the court reasoned, the declarants are generally "speaking about events *as they [are] actually happening * * *.*" (Emphasis sic.) Id. at ——, 126 S.Ct. at 2276, 165 L.Ed.2d 224. 911 callers are typically facing ongoing emergencies. Id. Under these exigent circumstances, the callers are not testifying as witnesses, and their statements do not qualify as testimonial in nature. Thus, the admission of 911 calls of this nature does not violate the Confrontation Clause when the witness is not available to testify.

{¶ 17} As was the case in *Davis*, the 911 callers in this case were seeking help against a perceived physical threat. The 911 calls in this case reflect a chaotic, noisy scene and an environment that was not tranquil.

{¶ 18} Under the totality of these circumstances, the 911 callers were not acting as testifying witnesses, and their statements do not qualify as testimonial in nature. Id.

{¶ 19} The Ohio Supreme Court has recently affirmed that recordings of 911 calls that were made to avoid immediate danger are not testimonial and do not violate the Confrontation Clause when the declarant is not available to testify at trial. *State v. Naugler*, 111 Ohio St.3d 130, 2006-Ohio-5340, 855 N.E.2d 456.[1]

---

1. Other Ohio courts have deemed similar 911 calls to be admissible as excited utterances. See, e.g., *State v. Byrd*, 160 Ohio App.3d 538, 542, 2005-Ohio-1902, 828 N.E.2d 133, ¶ 17 (further holding that "under Evid.R. 803(2), the availability of the declarant is immaterial. Thus, it was of no consequence that the state did not call the female witness to testify and face cross-examination from the accused." Id. at ¶ 21).

**230**

### C. Harmless Error

■ {¶ 20} Notwithstanding the foregoing, even if the admission of the 911 tape could be construed as error, it was harmless in any case. Crim.R. 52.

■ {¶ 21} This matter proceeded to a bench trial. We are to presume, in cases tried to the bench, that in reaching its decision, the trial court did not rely on anything that it should not have relied upon. *Columbus v. Guthmann* (1963), 175 Ohio St. 282, 194 N.E.2d 143, paragraph three of the syllabus.

{¶ 22} The trial court included in the record the rationale behind its verdict. The court's comments support our indulgence of the above presumption because they reflect that the court did not consider the 911 tape in reaching the guilty verdict on the domestic-violence count. In particular, the court stated that it had relied on the credibility it found in the victim's testimony. More pointedly, the trial court found that there was no evidence beyond Santiago's testimony that supported the conviction. Stated differently, the 911 calls played no part in the trial court's guilty verdict.

{¶ 23} Defendant's sole assignment of error is overruled.

Judgment affirmed.

Rocco and Boyle, JJ., concur.