[Cite as *Evans v. Myers*, 2026-Ohio-1255.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ADAMS COUNTY

| | | |
|---|---|---|
| GARY L. EVANS, ET. AL., | : | Case No. 25CA1212 |
| | : | |
| Plaintiffs-Appellants, | : | |
| | : | NUNC PRO TUNC[1] |
| v. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| BURTON MYERS, | : | |
| | : | |
| Defendant-Appellee. | : | **RELEASED: 03/26/2026** |

_____

APPEARANCES:

Alexander R. Chilelli, Carter, Montana, for appellants.

Christopher J. Mulvaney, Cincinnati, Ohio, for appellee.

_____

Wilkin, J.

{¶1} This is an appeal by plaintiffs-appellants, Gary L. Evans and Donna R. Evans, Husband and Wife, (hereinafter collectively referred to as "Evans") from a March 23, 2025 judgment entry that granted defendant-appellee, Burton Myers' ("Myers") motion for a directed verdict. Evans appeals, raising five assignments of error.

{¶2} After our review of the record, the applicable law, and the parties' briefs, we find that the trial court did not err in granting Myers' motion for a directed verdict. Accordingly, we overrule Evans' assignments of error and affirm

---

[1] The Court notes that the appellee's surname was misspelled as "Meyers" throughout the decision. The correct spelling is "Myers." All references to "Meyers" are hereby corrected to "Myers," nunc pro tunc to the date of the original decision.

the trial court's judgment that dismissed Evans' complaint and granted Myers'

counterclaim.

FACTS AND PROCEDURAL BACKGROUND

{¶3} Evans and Myers owned adjacent properties in Adams County, Ohio.

Evans maintained that he possessed an easement over Myers' property that

provided Evans ingress and egress to his property from Dawn Lane Road.

{¶4}  Myers disagreed and sent a letter demanding that Evans cease and

desist from travelling over Myers' property.

{¶5} On July 19, 2024, Evans filed a complaint against Myers seeking a

judicial determination that Evans possessed an easement over a strip of Myers'

property that permitted Evans ingress and egress to Dawn Lane Road.  The

complaint alleged in the alternative that Evans possessed an express easement,

easement by necessity, or prescriptive easement.

{¶6} On August 23, 2024, Myers filed an answer and a counterclaim for

trespass, damages, and to quiet title to his property.

{¶7} On September 27, 2024, Myers filed a motion for partial summary

judgment.  Myers asserted that there was no genuine issue of material fact and

he was entitled to judgment as a matter of law regarding Evans' complaint to the

extent that it was seeking an easement by necessity and a prescriptive

easement.

{¶8} On November 15, 2024, Myers filed a motion requesting the court to

issue a decision pertaining to his motion for summary judgment.

{¶9} On January 8, 2025, the court granted partial summary judgment to Myers on Evans' claim for an easement by necessity.

{¶10} On February 20, 2025, the court began a bench trial. Evans testified in support of his claim that he possessed an easement over Myers' property that permitted him to access his property. During his direct testimony, Evans repeatedly referenced documents identified as plaintiff's exhibits A-F, which included two purported plat maps and four purported deeds. He relied on these documents to support his claim that he possessed an easement. Evans was also cross-examined by Myers' counsel.

{¶11} Myers testified asserting that Evans possessed no easement over his property. Myers also relied on documents during his testimony identified as defendant's exhibits 1-3 that included two deeds and a cease-and-desist letter. Myers was cross-examined by Evans' counsel.

{¶12} After Myers' testimony concluded, the court asked for the next witness. Evans' counsel stated that he had no further witnesses. The court then asked if there were any motions to be heard. Evans' counsel had none. Myers' counsel, however, moved for a directed verdict. After a brief argument by Myers' counsel in support of the motion, the court inquired whether some expert testimony was going to be presented. Myers' counsel stated that he believed that Evans had rested, which was why he moved for a directed verdict.

{¶13} The court then asked if Evans wanted to be heard. Evans' counsel referenced plaintiff's exhibits as proof of the easement. A protracted discussion then ensued between Evans' counsel and the court, during which counsel

referenced several of Evans' exhibits and argued against the directed verdict.
Eventually, Evans' counsel stated: "That, that's all I've got."

**{¶14}** The court stated: "Okay. All all right.  Do you wanna be heard in furtherance of argument?"  Evans' counsel responded: "I'll submit."  After additional discussion between the parties and the court regarding the existence of a possible easement, the court directed a verdict for Evans.  On March 3, 2025, the court issued a judgment entry that dismissed Evans' complaint and granted Myers' counterclaim that quieted title to his property.   It is this judgment that Evans appeals.

ASSIGNMENTS OF ERROR

  I.    THE TRIAL COURT ERRED IN GRANTING A DIRECTED VERDICT UNDER CIV.R. 50(A)(4) BY FAILING TO CONSTRUE THE EVIDENCE IN THE LIGHT MOST FAVORABLE TO APPELLANTS, AS SUBSTANTIAL EVIDENCE IN PLAINTIFF'S EXHIBITS A, C, E, AND F SUPPORTED THE EXISTENCE OF AN EXPRESS EASEMENT.

  II.   THE TRIAL COURT MISAPPLIED OHIO LAW ON EXPRESS EASEMENTS BY REQUIRING SPECIFIC METES AND BOUNDS OR SURVEYOR TESTIMONY, CONTRARY TO PRECEDENT ALLOWING EASEMENTS TO BE ESTABLISHED BY RECORDED PLATS AND DEED REFERENCES.

  III.  THE TRIAL COURT ERRED BY FAILING TO CONSIDER AN EASEMENT BY IMPLICATION BASED ON APPELLANTS' CONTINUOUS AND APPARENT USE OF THE RIGHT OF WAY FOR TWELVE YEARS, AS EVIDENCED BY TESTIMONY AND PLAINTIFF'S EXHIBIT A.

  IV.   THE TRIAL COURT VIOLATED APPELLANTS' DUE PROCESS RIGHTS BY GRANTING A DIRECTED VERDICT BASED ON THE ABSENCE OF SURVEYOR TESTIMONY, DESPITE ADMITTED DOCUMENTARY EVIDENCE, AND FAILING TO ALLOW FURTHER EVIDENCE PRESENTATION

V.      THE TRIAL COURT MISINTERPRETED THE DEED LANGUAGE IN PLAINTIFF'S EXHIBITS C, E, AND F, WHICH, WHEN READ WITH EXHIBIT A, CLEARLY ESTABLISH AN EXPRESS EASEMENT FOR ACCESS TO APPELLANTS' PROPERTY.

**{¶15}** Evans asserts five assignments of error in support of his argument that the trial court erred in granting a directed verdict in favor of Myers.  However, we do not need to address these arguments to resolve his appeal.  Because Evans' exhibits were never entered into evidence, and, therefore, are not part of the record, they cannot be considered in determining Evans' appeal.  Without these exhibits, we find that Evans failed to provide sufficient evidence to support his claim of possessing an easement over Myers' property.  Therefore, we conclude that the trial court did not err in granting Myers' motion for a directed verdict.

A. Law

1. Standard of Review

**{¶16}** "When determining whether to grant a motion for directed verdict, the trial court must submit an essential issue to the [factfinder] if there exists sufficient credible evidence to permit reasonable minds to reach different conclusions on that issue." *Ark Advanced Remediation, LLC v. Watson*, 2024-Ohio-2874, ¶ 36 (4th Dist.), citing *Mender v. Chauncey,* 2015-Ohio-4105, ¶ 9 (4th Dist.).  "We review the trial court's decision to grant or deny a motion for a directed verdict de novo because it presents a question of law." *Id*.  A de novo review affords no deference to the trial court's judgment.  *A.H. Sturgill Roofing, Inc. v. Robert W. Setterlin & Sons Co*., 2007-Ohio-2020, ¶ 9 (4th Dist.).

## 2. Evidence

**{¶17}** " 'The admission or exclusion of relevant evidence rests within the sound discretion of the trial court[.]' " (Bracket original)  *State v. Bailey*, 2010-Ohio-213, ¶ 9 (4th Dist.), quoting *State v. Haines,* 2006-Ohio-6711, ¶ 50, citing *State v. Robb,* 88 Ohio St.3d 59, 68, 2000-Ohio-275 (2000).   "An abuse of discretion connotes more than an error of judgment; it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable."  *Id*., citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).  However, a party must follow a specific procedural framework to have an exhibit admitted as evidence at trial and made part of the record for purposes of appeal.

**{¶18}** "[Evid.R. 901(A)] provides that '[t]he requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' "  (Second brackets original) State *v. Pigg*, 2005-Ohio-2227, ¶ 31 (4th Dist.).  "The authentication requirement imposes on the party offering an item of evidence the burden of proving that the item of evidence is what it purports to be."  *Id*.  " 'The proponent need not offer conclusive evidence as a foundation but must merely offer sufficient evidence to allow the question as to authenticity or genuineness to reach the jury.' "  *State v. Mitchell*, 2007-Ohio-1696, ¶ 12 (8th Dist.), quoting State *v. Farrah*, 2002 WL 576110, *5 (10th Dist. Apr. 18, 2002).

**{¶19}** After evidence is authenticated, and, important in our case, an exhibit must be offered by a party and accepted by the court before it becomes evidence in the case.  *See State v. Carver*, 2022-Ohio-3223, ¶ 33 (4th Dist.).

See also *State v. Young*, 2013-Ohio-3418, ¶ ¶ 9 ("The State offered the tape-recorded conversation as Exhibit A, and the transcript of the recorded conversation as Exhibit B, into evidence. The exhibits were admitted and the State rested.").  "[M]ere presentation [of a document] during trial does not make it part of the record."  *State v. Zhovner*, 2013-Ohio-749, ¶ 12 (3rd Dist.).

{¶20} "[A] bedrock principle of appellate practice in Ohio is that an appeals court is limited to the record of the proceedings at trial."  *Morgan v. Eads*, 2004-Ohio-6110, ¶ 13.  " 'A reviewing court cannot consider an exhibit unless the record demonstrates that the exhibit was formally admitted into evidence in the lower court.' "  *McElrath v. Travel Safe.Com Vacation Ins.*, 2003-Ohio-7206, ¶ 23 (11th Dist.), quoting *Cardone v. Cardone*, 1998 WL 224934, *1 (9th Dist. 1998), citing *State v. Ishmail*, 54 Ohio St.2d 402 (1978), paragraph one of the syllabus. *See also*, *Moore v. Nichol*, 1991 WL 228373, *4, (9th Dist. 1991), citing *Conway v. Ford Motor Co.*, 48 Ohio App.2d 233 (8th Dist. May 6, 1976).  ("This court cannot consider an exhibit absent a sufficient showing that it was formally admitted into evidence.").

### 3. Easements

{¶21} Cases involving easements typically include deeds and/or survey or plat maps as evidence.  *See e.g. Wheeler v. McBride, 2008-Ohio-5109, ¶ 27* (4th Dist.) (court found an easement existed relying on a deed and plat map); *Skaggs v. Miller*, 1996 WL 263374 (4th Dist. May 17, 1996) (deeds and a survey were admitted as evidence that described the location of an easement).  "In an easement action, the proponent of the easement bears the burden of proving the

existence of the easement by clear and convincing evidence." *Dunn v. Ransom*,
2011-Ohio-4253, ¶ 31 (4th Dist.), citing *Trattar v. Rausch*, 154 Ohio St. 286,
292–293 (1950).

## B. Analysis

**{¶22}** Exhibits A through F were attached to Evans' complaint. Exhibits A
and B purported to be survey maps, while exhibits C, D, E, and F purported to be
deeds.

**{¶23}** At trial, Evans presented his testimony and six exhibits (A-F) in
support of his claim that he possessed an easement over Myers' property. He
contended that the deeds contained language describing the easement and the
survey maps described and illustrated the easement.

**{¶24}** Each of Evans' assignments of error references and relies on at
least two of the exhibits he presented at trial. However, a review of the trial
transcript reveals that Evans never sought to have any of the exhibits admitted
into evidence at trial. This conclusion was confirmed by the following discussion
that took place during oral argument before this court:

| | |
|---|---|
| The Court: | "what evidence was presented [to show the existence of an easement]?" |
| Evans' Counsel: | "the evidence presented would be the language of the deed" and the "survey[.]" |
| The Court: | "none of the deeds or the plat map was actually admitted into evidence?" |
| Evans' Counsel: | "that's correct your honor, yes." |

| The Court: | "[so] then it's not properly, properly before us either at this point then, correct?" |
|---|---|
| Evans' Counsel: | "yeah, arguably your honor, yeah, it was attached to the initial complaint that's correct and again trial counsel in this case, I wasn't trial counsel, there was no testimony or no witness to confirm those exhibits. So, they were attached but trial court never actually admitted them into evidence, that's correct." |
| Court: | "So, without those being into evidence, then what was the evidence?" |
| Evans' Counsel: | "Nothing your honor, to be honest, concede that." |

{¶25} Our review of the record shows that Evans' case relied significantly on the exhibits.  Without them, even when construing Evans' testimony in his favor, we find that he failed to submit clear and convincing evidence to establish an easement over Myers' property.  Therefore, we conclude that the trial court did not err in granting Myers a directed verdict.  Accordingly, we overrule all five of Evans' assignments of error.

## CONCLUSION

{¶26} Having overruled Evans' assignments of error, we affirm the trial court's judgment that dismissed Evans' complaint and granted Myers' counterclaim.

**JUDGMENT AFFIRMED.**

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that the appellants shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. and Hess, J.:  Concur in Judgment and Opinion.

For the Court,


BY: _____
Kristy S. Wilkin, Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**