[Cite as *State v. Banks*, 2011-Ohio-2983.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Julie A. Edwards, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | Case No. 10 CA 111 |
| BYRON L. BANKS | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:  Criminal Appeal from the Court of Common
                Pleas, Case No.  08 CR 727


JUDGMENT:         Affirmed


DATE OF JUDGMENT ENTRY:   June 17, 2011


APPEARANCES:

For Plaintiff-Appellee       For Defendant-Appellant

KENNETH W. OSWALT      J. MATTHEW DAWSON
PROSECUTING ATTORNEY    35 South Park Place
CHRISTOPHER A. REAMER    Suite 10
ASSISTANT PROSECUTOR    Newark, Ohio  43055
20 South Second Street, Fourth Floor
Newark, Ohio  43055

*Wise, P. J.*

**{¶1}** Defendant-appellant Byron L. Banks appeals the Licking County Court of Common Pleas' denial of his motion for continuance of trial.

**{¶2}** Plaintiff-Appellee is the State of Ohio.

<u>STATEMENT OF THE CASE AND FACTS</u>

**{¶3}** In April, 2009, Appellant was convicted for drug related felonies and sentenced to nine years. In June, 2010, Appellant's conviction was reversed and remanded for new trial due to this Court having found Appellant did not make a knowing, voluntary and intelligent waiver of counsel at his April, 2009, trial. *State v. Banks,* Licking App. 09-CA-57, at ¶32. The appellate attorney was appointed by the trial court to represent Appellant in the retrial.

**{¶4}** On July 12, 2010, a status conference was held, at which Appellant was present with his court-appointed attorney.

**{¶5}** On September 16, 2010, Appellant's case was scheduled for jury trial. Prior to trial, Appellant moved the court for a continuance of the trial so he could obtain a new attorney. Appellant's counsel explained that late in the afternoon of September 15, 2010, he was in contact with another attorney who appellant's family had consulted with regarding representing Appellant. (T. at 6). Appellant's counsel related that he did not believe the other attorney had received any type of retainer from Appellant's family and the other attorney would take the case only if proper financial arrangements could be made. Id. The trial court denied a motion to continue stating it was untimely, that the case had already been set for jury trial three times, including dates set prior to the first trial, and that no other attorney had filed a notice of appearance in the case. (T. at 8).

{¶6} Appellant then asserted that his attorney had not informed him of the trial date until September 14, 2010, two days prior to trial. (T. at 10). In response, Appellant's counsel informed the trial court that the trial date was set on July 12, 2010, the date of status conference, and though he could not specifically recall notifying his client on July 12, 2010, he believed that he would have notified Appellant on that date. (T. at 12). Appellant's counsel also informed the trial court that he had met with Appellant a week prior to September 16, 2010, and that Appellant had been told of the trial date during that meeting. (T. at 11). Appellant later confirmed he had known of the trial since his meeting with his attorney the week prior. (T. at 12-13).

{¶7} Appellant ultimately elected to proceed with his court-appointed attorney rather than attempt to represent himself. (T. at 17). The matter proceeded to trial and Appellant was found guilty on all counts and sentenced to seven and one-half years in prison. During sentencing Appellant apologized to his attorney for his earlier attempt to acquire a new attorney and thanked the trial judge for having appointed his attorney. (T. at 349).

{¶8} It is from the denial of his motion for continuance that Appellant now appeals, raising the following assignments of error:

## ASSIGNMENTS OF ERROR

{¶9} "I. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING THE DEFENDANT'S MOTION FOR A CONTINUANCE.

{¶10} "II. WHETHER OR NOT COUNSEL WAS INEFFECTIVE BY FAILING TO INFORM DEFENDANT OF HIS TRIAL DATE."

I.

**{¶11}** In Appellant's first assignment of error, Appellant argues that the trial court erred in his motion for continuance. We disagree.

**{¶12}** The decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078.

**{¶13}** Among the factors to be considered by the court in determining whether the continuance was properly denied are: (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case, and (7) the complexity of the case. *Powell v. Collins* (6th Cir.2003), 332 F.3d 376, 396; *State v. Unger* (1981), 67 Ohio St.2d 65, 67-68, 423 N.E.2d 1078, 1080; *State v. Wheat,* Licking App. No.2003-CA-00057, 2004-Ohio-2088 at ¶ 16.

**{¶14}** After careful examination of the record, we find that the trial court did not abuse its discretion in denying Appellant's request for a continuance. Appellant did not move the trial court for a continuance of his trial until the morning of trial. A jury had been summoned and witnesses had been subpoenaed and were present. The trial date in this case had been set for over two months. The record clearly shows that Appellant's counsel was not deprived of an opportunity to prepare for trial.

**{¶15}** The trial court had an interest in controlling its own docket and ensuring the prompt and efficient administration of justice. See *Unger,* 67 Ohio St.2d at 67, 423

N.E.2d 1078; *Gorham,* 2007-Ohio-6028 at ¶ 12. The trial court clearly felt that Appellant was adequately represented by competent counsel and that there was no reason to delay the trial. As such, we find that the trial court did not abuse its discretion when it denied the motion to continue the trial.

{¶16} Based on the foregoing, we find Appellant's first assignment of error not well-taken and hereby overrule same.

**II.**

{¶17} In his second assignment of error, Appellant argues that his trial court was ineffective for failing to give him adequate notice of his trial date. We disagree.

{¶18} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to Appellant. The second prong is whether Appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶19} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet both the deficient performance and prejudice prongs of *Strickland* and *Bradley. Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

{¶20} To show deficient performance, Appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel

made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

**{¶21}** "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S .Ct. at 2064.

**{¶22}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington,* 466 U.S. 668

at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington,* 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶23}** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland,* 466 U.S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. To prevail on his ineffective-assistance claim, Appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

**{¶24}** In this case, the sole reason Appellant cites in support of his argument that he was denied the effective assistance of counsel is that his counsel failed to give him adequate notice of the trial date.  However, Appellant admitted that he had known of the scheduled trial since at least the prior week.   He informed trial court that he had met and conferred with his attorney on at least three occasions, that his attorney was well-versed in the facts surrounding his case and that he liked his attorney. Appellant has failed to show that the outcome of the trial would have been different or how he was prejudiced by his attorney's alleged failure to give him more advanced notice of the trial date.

**{¶25}** In this case sub judice, we do not find that Appellant was deprived of a fair trial. Having reviewed the sole argument Appellant cites in support of his claim that he

was denied effective assistance of counsel, we find Appellant was not prejudiced by defense counsel's representation. The result of the trial was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel.

{¶26} Accordingly, Appellant has failed to demonstrate that there exists a reasonable probability that the result of his case would have been different and because we have found no instances of error in this case, we find Appellant has not demonstrated that he was prejudiced by trial counsel's performance.

{¶27} Appellant's second assignment of error is overruled.

{¶28} For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

By: Wise, P. J.

Edwards, J., and

Delaney, J., concur.

_____

_____

_____

                                                  JUDGES

JWW/d 0525

IN THE COURT OF APPEALS FOR LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


STATE OF OHIO                            :
                                         :
    Plaintiff-Appellee                  :
                                         :
-vs-                                     :            JUDGMENT ENTRY
                                         :
BYRON L. BANKS                           :
                                         :
    Defendant-Appellant                 :            Case No. 10 CA 111


For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.

Costs assessed to Appellant.


_____


_____


_____

JUDGES