OPINION
{¶ 1} Defendant-appellant, Thomas Godby, appeals his conviction in the Fairfield Municipal Court for impersonating a police officer.
 {¶ 2} On July 28, 2004, a complaint was filed charging appellant with impersonating a police officer. Appellant waived his right to a jury trial, and a bench trial was held on January 27, 2005. On February 3, 2005, the trial court issued a decision from the bench, finding appellant guilty and sentencing him accordingly. Appellant now appeals his conviction and in a single assignment of error challenges both the sufficiency and manifest weight of the evidence.
 {¶ 3} When reviewing the sufficiency of the evidence to support a criminal conviction, an appellate court's function is to examine the evidence admitted at trial to determine whether such evidence, viewed in a light most favorable to the prosecution, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Goodwin,84 Ohio St.3d 331, 343-44, 1999-Ohio-331.
 {¶ 4} When considering whether a judgment is against the manifest weight of the evidence in a bench trial, an appellate court will not reverse a conviction where the trial court could reasonably conclude from substantial evidence that the state has proved the offense beyond a reasonable doubt. State v. Eskridge
(1988), 38 Ohio St.3d 56, 59.
 {¶ 5} The court, reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the court "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." The discretionary power to grant a new trial should be exercised only in exceptional cases where the evidence weighs heavily against the conviction. Statev. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52.
 {¶ 6} However, when a party asserts error by the trial court, that party has the burden to refer to the parts of the record that support its claims of error. Hartt v. Munobe,63 Ohio St.3d 7, 1993-Ohio-177; Conway v. Ford Motor Co. (1976),48 Ohio App.2d 233, 236. Moreover, App. R. 9 (B) specifically provides that "* * * [i]f the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the weight of the evidence, the appellant shall include in the record a transcript of all evidence relevant to the findings or conclusion."
 {¶ 7} Therefore, if an appellant argues on appeal that a finding is unsupported by the evidence or is contrary to the weight of the evidence, "it is necessary for him to provide the court with either a complete or partial verbatim transcript of the testimony, as required by Appellate Rule 9(B), or a narrative statement, as provided for in Appellate Rule 9(C), or an agreed statement as provided for in Appellate Rule 9(D)." Conway at 237.
 {¶ 8} In this case, appellant failed to file a transcript of his trial, despite numerous opportunities to do so granted by this court.[1] In the absence of a transcript or some other substitute statement, an appellate court has no basis upon which to determine the sufficiency or manifest weight of the evidence. Under such circumstances, we must presume the validity of the lower court's proceedings and affirm. Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199. Therefore, because appellant failed to file a transcript with this court, his sole assignment of error is overruled.
 {¶ 9} Judgment affirmed.
Powell, P.J., and Walsh, J., concur.
[1] When appellant failed to file a transcript by April 30, 2005, the date set forth in the scheduling order, this court issued a Show Cause Order. Appellant responded, requesting additional time because the transcript was ordered on April 25, 2004 and was not yet completed. Despite the additional time granted by this court, appellant again failed to file a transcript and another Show Cause Order was issued. Appellant responded that he misunderstood the procedure and thought the court reporter had filed the transcript, and stated that he had subsequently filed the transcript himself on July 7, 2005. This court granted appellant's request to consider the transcript as timely filed. Before the case was submitted to this court, it was discovered that no transcript had been filed and appellant was again given the opportunity to file a transcript. Appellant then filed a transcript which contained the trial court's guilty finding and sentencing. However, no transcript of the trial itself was ever filed.