DECISION AND JUDGMENT ENTRY
{¶ 1} Appellant appeals her conviction for aggravated vehicular homicide entered on a jury verdict in the Lucas County Court of Common Pleas. For reasons that follow, we affirm.
 {¶ 2} The 2700 block of Starr Avenue in Oregon, Ohio, is a straight two lane residential street. At approximately 3:30 p.m. on March 24, 2005, a school bus stopped *Page 2 
in the westbound lane of Starr to deliver a kindergartner, five-year-old Dameatrius McCreary, home from school. Dameatrius had to cross in front of the bus and the eastbound lane to reach his home on the north side of the street.
 {¶ 3} The school bus driver later testified that, as Dameatrius left the bus, the driver observed two vehicles approaching from the east. One of the approaching cars began to slow: the other, a white sedan, did not. According to the bus driver, when she looked into the white car, she saw only a left hand on the steering wheel, the driver appearing to bend over, as if reaching for something. The bus driver estimated that the driver of the white car continued in this position for "[m]aybe 15, 20 seconds." A bystander testified that the bus was stopped, "probably 20 to 25 seconds" before he saw the boy in front of it. Dameatrius McCreary was struck as he crossed the east-bound lane and died as the result of the injuries he sustained.
 {¶ 4} The driver of the white sedan was appellant, Angelique Dipman. Appellant testified that while she was driving, a cell phone that was resting on the right side of her lap began ringing and slid to the floor in front of the passenger seat. What was observed by the school bus driver was appellant attempting to retrieve the ringing cell phone. Appellant estimated this activity continued for "[f]ive, ten seconds." Appellant testified that she was still trying to get the phone when she felt an impact and observed a small boy on the hood of her car.
 {¶ 5} Appellant was named in a single count indictment, charging her with aggravated vehicular homicide, a third-degree felony. She pled not guilty and the matter *Page 3 
proceeded to a jury trial, following which she was found guilty as charged and sentenced to five years community control. Appellant now appeals her conviction, setting forth the following two assignments of error:
 {¶ 6} "I. THE JURY VERDICT FINDING DEFENDANT/APPELLANT ANGELIQUE DIPMAN GUILTY OF AGGRAVATED VEHICULAR HOMICIDE IS CONTRARY TO THE SUFFICIENCY OF THE EVIDENCE.
 {¶ 7} "II. THE JURY VERDICT FINDING DEFENDANT/APPELLANT ANGELIQUE DIPMAN GUILTY OF AGGRAVATED VEHICULAR HOMICIDE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED."
 {¶ 8} We shall discuss appellant's assignments of error together.
 {¶ 9} A verdict or finding may be overturned on appeal if it is either against the manifest weight of the evidence or because there is an insufficiency of evidence. In the former, the appeals court acts as a "thirteenth juror" to determine whether the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered. State v. Thompkins (1997),78 Ohio St.3d 380, 387. In the latter, the court must determine whether the evidence submitted is legally sufficient to support all of the elements of the offense charged. Id. at 386-387. Specifically, we must determine whether the state has presented evidence which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The test is, viewing the evidence in a light most favorable to the prosecution, could any rational trier of fact have found the essential elements of the crime proven beyond a reasonable *Page 4 
doubt. Id. at 390 (Cook, J., concurring); State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus. See, also, State v. Eley
(1978), 56 Ohio St.2d 169; State v. Barns (1986), 25 Ohio St.3d 203.
 {¶ 10} R.C. 2903.06, in material part, provides:
 {¶ 11} "(A) No person, while operating or participating in the operation of a motor vehicle, * * * shall cause the death of another * * * in any of the following ways:
 {¶ 12} "* * *
 {¶ 13} "(2) * * * (a) Recklessly * * *."
 {¶ 14} At trial, appellant stipulated that she was operating a motor vehicle and caused the death of Dameatrius McCreary. The question for the jury was whether this was the result of reckless behavior. Appellant maintains that it was undisputed that she was not under the influence of alcohol or drugs and was observing the street's 35 m.p.h. speed limit. Moreover, appellant testified that she was unaware that it was the time of day that schools were letting out, as she did not see any children on the street, or in crosswalks, or parents waiting on the streets. Appellant testified that although she saw the school bus at some distance, she did not see that the bus's warning lights and the stop sign were actuated, nor did she expect to see this because she believed that it was later in the day. Since this testimony is uncontradicted, appellant insists, the state failed to present sufficient evidence of the element of recklessness and her conviction should be overturned.
 {¶ 15} "Recklessness" is defined in R.C. 2901.22 (C): *Page 5 
 {¶ 16} "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 17} With respect to the uncontradicted character of appellant's testimony, it is within the province of the trier of fact to believe all, part, or none of the witnesses' testimony. State v. Luna, 6th Dist. No. L-05-1245, 2006-Ohio-5907, ¶ 27; State v. Antill (1964), 176 Ohio St. 61,67. Appellant's testimony that she did not see any children on the streets and was unaware of the time is self-serving and could well have been discounted. Indeed her statement that she had seen the bus in the distance was contradicted by her own comment at the scene that she never saw the school bus.
 {¶ 18} The jury could have found that appellant was driving on a residential street at a time she knew there were children coming home from school and allowed herself to be wholly distracted for as much as 25 seconds while attempting to retrieve a cell phone. Testimony from an accident reconstructionist at trial indicated that traveling at 35 m.p.h., a vehicle covers approximately 51 feet per second. Appellant estimates that she was bent over for five to ten seconds, so by her own admission she traveled blindly for between 255 and 510 feet. If she was distracted for the 25 seconds that the witness estimated, she would have covered nearly a quarter of a mile. *Page 6 
 {¶ 19} Consequently, if the jury discounted appellant's testimony and credited the testimony of those who set her inattention at a longer time, it could have well concluded that appellant acted with heedless indifference to a known risk that her conduct could result in serious injury or death to other motorists or pedestrians. Thus, there was evidence presented which, if believed, would convince the average mind that appellant's conduct was reckless. Accordingly, appellant first assignment of error is not well-taken.
 {¶ 20} By the same token, there is no indication of record that the jury lost its way or perpetrated a manifest miscarriage of justice. Consequently, appellant's second assignment of error is not well-taken.
 {¶ 21} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay court costs of this appeal pursuant to April 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., Arlene Singer, J., CONCUR. *Page 1