[Cite as *State v. Wright*, 2014-Ohio-985.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-08-152 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 3/17/2014 |
| - vs - | | |
| | : | |
| RANDALLA C. WRIGHT, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2011-10-1705


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Marshall G. Lachman, 75 North Pioneer Boulevard, Springboro, Ohio 45066, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Randalla C. Wright, appeals from her conviction in the Butler County Court of Common Pleas for one count of aggravated vehicular homicide. For the reasons discussed below, we affirm.

{¶ 2} On the afternoon of September 2, 2011, appellant took her mother's vehicle and drove to meet her daughter's school bus. The bus had not yet arrived, so appellant

parked on Michelle Drive near the stop sign at the intersection with Merry Day Drive. Appellant did not have permission to be driving her mother's vehicle, and her driver's license had been suspended since February of that year.

{¶ 3} While appellant was waiting she observed the arrival of Mary Long and her three small children, who played nearby while also waiting for the bus. When the bus arrived, it turned right onto Michelle Drive from Merry Way Drive and made a full stop directly across the street from where appellant had parked. Once the bus stopped, appellant exited her vehicle and went across the street to retrieve her daughter. When she returned, appellant placed her daughter in the back seat of her vehicle and noticed that Long's children continued to play nearby. Appellant then got back into her vehicle and, while the bus was still stopped directly across the street with its warning signals activated, proceeded to turn right onto Merry Day Drive. In so doing, it is undisputed that appellant struck Long's youngest child, B.B., causing a critical cranial injury that led to B.B.'s death.

{¶ 4} On October 19, 2011, appellant was indicted on one count of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), a second-degree felony. Appellant waived a jury trial, and a bench trial began on June 27, 2012. At the close of the state's case, appellant moved for acquittal under Crim.R. 29(A) on the grounds that the state's evidence was insufficient to show the element of recklessness. The motion was overruled. Thereafter, at the conclusion of all evidence, the trial court found appellant guilty, and sentenced her to four years in prison. Appellant now appeals from her conviction, raising the following two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION FOR ACQUITTAL SINCE THE STATE FAILED TO SUPPLY SUFFICIENT EVIDENCE AS TO ALL THE ELEMENTS NECESSARY TO SUPPORT THE CHARGE OF AGGRAVATED

VEHICULAR HOMICIDE AGAINST THE APPELLANT.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE TRIAL COURT'S VERDICT OF GUILTY ON THE CHARGE OF AGGRAVATED VEHICULAR HOMICIDE WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 9} Under her first and second assignments of error, appellant argues the state failed to supply sufficient evidence to support the charge of aggravated vehicular homicide, and that her conviction was against the manifest weight of the evidence. We disagree.

{¶ 10} At the outset, we note that "[t]he legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different." *State v. Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52. On one hand, a challenge to the sufficiency of the evidence requires an appellate court to determine whether the state has presented evidence that would allow any rational trier of fact to find the essential elements of the crime proven beyond a reasonable doubt. *State v. Saunders*, 12th Dist. Fayette No. CA2012-03-006, 2013-Ohio-2052, ¶ 23, citing *State v. Stringer*, 12th Dist. Butler No. CA2012-04-095, 2013-Ohio-988, ¶ 27. On the other hand, a manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other. *Id.* at ¶ 24, citing *Stringer* at ¶ 28.

{¶ 11} Yet, though the two concepts are different, they are nonetheless related. It is well established that finding a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19, citing *State v. Church*, 12th Dist. Butler No. CA2011-04-070, 2012-Ohio-3877, ¶ 10. Therefore, in examining her two assignments of error, we first examine whether appellant's conviction for aggravated vehicular homicide under R.C. 2903.06(A)(2) is supported by the manifest weight of the evidence.

{¶ 12} To determine whether a conviction is against the manifest weight of the evidence, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Allison*, 12th Dist. Warren No. CA2011-03-025, 2012-Ohio-1126, ¶ 8, citing *State v. Cummings*, 12th Dist. Butler No. CA2006-09-224, 2007-Ohio-4970, ¶ 12. When reviewing a bench trial, an appellate court will not reverse a conviction "where the trial court could reasonably conclude from substantial evidence that the state has proven the offense beyond a reasonable doubt." *Jones* at ¶ 18, citing *State v. Godby*, 12th Dist. Butler No. CA2005-03-056, 2006-Ohio-205, ¶ 4; *State v. Eskridge*, 38 Ohio St.3d 56, 59 (1988).

{¶ 13} Evidentiary issues "are primarily matters for the trier of fact to decide since the trier of fact is in the best position to judge the credibility of the witnesses and the weight to be given the evidence." *Allison* at ¶ 9, quoting *State v. Hernandez*, 12th Dist. Warren No. CA2010-10-098, 2011-Ohio-3765, ¶ 26. Thus, an appellate court may overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances to correct a manifest miscarriage of justice, and only when the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *Thompkins* at 387.

{¶ 14} In order to prove aggravated vehicular homicide in violation of R.C. 2903.06(A)(2), the state was required to prove beyond a reasonable doubt that while appellant was operating a motor vehicle, she recklessly caused the death of another. As noted above, appellant does not dispute the fact that while she was operating a motor vehicle she caused the death of another. Rather, appellant's exclusive challenge is to the trial court's finding of recklessness.

{¶ 15} According to R.C. 2901.22(C):

> [a] person acts recklessly when, with heedless indifference to the consequences, [s]he perversely disregards a known risk that [her] conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, [s]he perversely disregards a known risk that such circumstances are likely to exist.

A "risk" is "a significant possibility, as contrasted with a remote possibility, that a certain result may occur or that certain circumstances may exist." R.C. 2901.01(A)(7).

{¶ 16} At trial, the state presented several eye witnesses who observed appellant's vehicle parked on Michelle Drive just short of the intersection with Merry Day Drive, directly across the street from where the school bus was stopped. The state also introduced video footage from the surveillance cameras in a nearby trailer park that showed the bus had its warning signals activated at the time of the incident. Although the footage does not include an image of appellant's vehicle striking B.B., the cameras did capture the reactions of the children on the bus, which make clear that the incident occurred directly across the street from where the bus was stopped. This was corroborated by additional video footage from cameras on the bus that captured images of Long frantically seeking help for her critically injured child. Based upon this evidence, the trial court could reasonably conclude that appellant's decision to drive through this "zone of safety" was a perverse disregard of a known risk. *See, e.g., State v. Wolffram*, 62 Ohio App.3d 749, 751-52 (12th Dist.1989) (noting that R.C. 4511.75 requires vehicles to maintain a "zone of safety" when a school bus is receiving or discharging students mainly because children are unpredictable).

{¶ 17} In addition, appellant testified she had a brief conversation with Long prior to the arrival of the school bus, and that she witnessed Long's daughter and B.B. in a tug-of-war over a doll near the street. She also admitted that she told a police officer after the incident that she had previously seen Long grab B.B. to prevent him from stepping into the road in front of a moving vehicle. Furthermore, appellant testified that just before the incident she

had seen Long cross the street to talk to the bus driver, she knew Long's small children were unattended, and that she had seen the children near her vehicle just before pulling away. Here, too, the trial court could reasonably have concluded from the evidence that appellant's decision to drive away despite the proximity of small, unattended children was a perverse disregard of a known risk.

{¶ 18} Finally, to the extent that appellant may have attempted to rebut evidence pointing to a mental state of recklessness, we cannot say that the trial court lost its way in finding her testimony to be self-serving and inconsistent. *See, e.g., State v. Dipman*, 6th Dist. Lucas No. L-05-1327, 2007-Ohio-2143, ¶ 19 (noting the fact-finder could have discounted appellant's testimony, credited the testimony of others, and concluded that appellant acted recklessly where she struck and killed a child crossing in front of a stopped school bus). The state presented valid impeachment evidence, including testimony regarding inconsistent statements given to police officers who interviewed her at various times after the incident, as well as a recent felony conviction for an offense involving dishonesty.

{¶ 19} After a thorough review of the record, we cannot say that the trier of fact lost its way and created a manifest miscarriage of justice in determining that appellant acted recklessly. *See generally State v. Allison*, 12th Dist. Warren No. CA2011-03-025, 2012-Ohio-1126 (overruling a manifest weight challenge to recklessness as an element of aggravated vehicular homicide); *State v. Gorham*, 12th Dist. Butler No. CA2006-08-195, 2007-Ohio-6028 (overruling a manifest weight challenge to recklessness as an element of vehicular assault). Therefore, we find that appellant's conviction for aggravated vehicular homicide in violation of R.C. 2903.06(A)(2) was not against the manifest weight of the evidence. As noted above, this finding necessarily includes a finding of sufficiency. Accordingly, appellant's two assignments of error are overruled.

{¶ 20} Judgment affirmed.

HENDRICKSON, P.J., and M. POWELL, J., concur.