[Cite as *In re C.I.R.*, 2019-Ohio-335.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| IN THE MATTER OF: | : | |
| C.I.R. | : | CASE NO. CA2018-06-123 |
| | : | O P I N I O N<br>2/4/2019 |
| | : | |

APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
JUVENILE DIVISION
Case No. JV2018-0213

Michael T. Gmoser, Butler County Prosecuting Attorney, John C. Heinkel, Government Services Center, 315 High Street, 11th Floor, Hamilton, OH 45011, for appellee

Garrett Law Offices, Dawn S. Garrett, 9435 Waterstone Boulevard, Suite 140, Mason, OH 45249, for appellant

**S. POWELL, J.**

{¶ 1} Appellant, C.I.R., appeals the decision of the Butler County Court of Common Pleas, Juvenile Division, adjudicating him a delinquent child for having committed an act that if charged as an adult would constitute inducing panic as a second-degree felony rather than as a first-degree misdemeanor. For the reasons outlined below, we affirm as modified the juvenile court's decision adjudicating C.I.R. a delinquent child but reverse the juvenile court's dispositional decision and remand this matter to the juvenile court for further

proceedings.

## Facts and Procedural History

{¶ 2}   On February 15, 2018, an officer with the Ross Township Police Department filed a complaint alleging C.I.R., who was then just 14 years old, was a delinquent child for having committed an act that if charged as an adult could constitute inducing panic in violation of R.C. 2917.31(A)(1).[1]   As alleged in the complaint, this was a crime that if committed by an adult would constitute a second-degree felony under R.C. 2917.31(C)(5) rather than a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2).   Pursuant to R.C. 2917.31(C)(5), the offense of inducing panic rises from a first-degree misdemeanor to a second-degree felony if the accused conduct caused the evacuation of "a school or an institution of higher education[.]"

{¶ 3}   According to the complaint, the allegation arose after C.I.R. posted a message on Snapchat, a social media platform, stating "17 people.  I can beat that" followed by "three smiley face emojis next to it."  It is undisputed the posting occurred the same day a gunman killed 17 people on the campus of Marjory Stoneman Douglas High School located in Parkland, Florida.  The record indicates C.I.R. made the posting sometime after playing the video game "Fortnite" with his friends online.[2]  During this time, the record indicates C.I.R. and his friends were discussing the school shooting that took place earlier that day.

{¶ 4}   The complaint claims C.I.R.'s social media post caused panic and serious public inconvenience to administration, staff, students, and parents of Ross High School where C.I.R. was then attending.  According to the record, this feeling of panic was further exacerbated by the fact that a Ross High School student had recently committed suicide.

---

1. The complaint also included an allegation that C.I.R. was an unruly child as defined by R.C. 2151.022.  The juvenile court subsequently dismissed this allegation by agreement of the parties.

2. "Fortnite" is a free online player-vs-player "battle royale" style third-person shooter where the "last one standing wins."

The record also indicates C.I.R.'s social media posting occurred just two weeks after another Ross High School student is alleged to have murdered a fellow student during an apparent robbery, thereby also contributing to the feeling of panic within the administration, staff, students, and parents of Ross High School.

{¶ 5} The juvenile court held an adjudicatory hearing on the matter on April 24, 2018. At this hearing, the juvenile court heard testimony from several witnesses indicating C.I.R.'s social media message caused a high level of stress and anxiety in the students attending Ross High School. This includes testimony from the Ross High School principal who testified there was a palpable sense of fear in the building, as well as testimony from a Ross High School student who testified he did not attend school out of fear that C.I.R. "was going to shoot up the school." The record also indicates two and sometimes three additional police officers were stationed at Ross High School in the days after C.I.R. posted the social media message. It is undisputed, however, that while there was a significant disruption to the school's day-to-day operations, neither Ross High School nor any other school or institution of higher education was evacuated or otherwise postponed due to C.I.R.'s social media post.

{¶ 6} Following this hearing, the juvenile court issued a decision from the bench finding C.I.R. was a delinquent child for having committed an act that if charged as an adult could constitute inducing panic in violation of R.C. 2917.31(A)(1). In so holding, the juvenile court rejected C.I.R.'s explanation that the social media posting was just a joke that was in no way intended to be a threat of violence to Ross High School or its students.

{¶ 7} After issuing its decision, the juvenile court addressed C.I.R. directly expressing its hope that C.I.R. understood the harm he had caused by posting the social media message. The juvenile court, however, made no reference to whether the offense would constitute a second-degree felony under R.C. 2917.31(C)(5) or a first-degree

- 3 -

misdemeanor in accordance with R.C. 2917.31(C)(2).

{¶ 8} The juvenile court held a dispositional hearing on May 14, 2018. Following this hearing, the juvenile court issued a dispositional decision remanding C.I.R. to the Butler County Juvenile Detention Center for 78 days (90 days minus 12 days credit). The juvenile court also committed C.I.R. to the custody of the Ohio Department of Youth Services for a minimum term of 12 months, all of which was conditionally suspended. The juvenile court further ordered C.I.R. to submit a DNA specimen and placed C.I.R. on intensive probation. The juvenile court, however, again made no reference to whether the offense would constitute a second-degree felony under R.C. 2917.31(C)(5) or a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2). This is true even though the juvenile court's written entry stated C.I.R. was "in violation of **Count 1 INDUCING PANIC (2917.31) FELONY 2.**" (Emphasis sic.)

## Appeal

{¶ 9} C.I.R. now appeals the juvenile court's decision adjudicating him a delinquent child, raising three assignments of error for review. For ease of discussion, C.I.R.'s second and third assignments or error will be addressed together.

{¶ 10} Assignment of Error No. 1:

{¶ 11} THE FINDING OF DELINQUENCY WAS NOT SUPPORTED BY EVIDENCE BEYOND A REASONABLE DOUBT AND WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 12} In his first assignment of error, C.I.R. argues the juvenile court erred by adjudicating him a delinquent child for having committed an act that if charged as an adult would constitute inducing panic in violation of R.C. 2917.31(A)(1), a second-degree felony in violation of R.C. 2917.31(C)(5), rather than a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2). We agree.

**Standard of Review**

**{¶ 13}** The standard of review employed by this court in determining whether a juvenile's adjudication as a delinquent child was supported by sufficient evidence is the same as the standard used in adult criminal cases. *In re B.T.B.*, 12th Dist. Butler No. CA2014-10-199, 2015-Ohio-2729, ¶ 16. Under this standard, this court examines the evidence presented at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. *State v. Intihar*, 12th Dist. Warren No. CA2015-05-046, 2015-Ohio-5507, ¶ 9. In conducting this review, the relevant inquiry is "whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Therefore, "the test for sufficiency requires a determination as to whether the state has met its burden of production at trial." *State v. Boles*, 12th Dist. Brown No. CA2012-06-012, 2013-Ohio-5202, ¶ 34, citing *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298, ¶ 33.

**{¶ 14}** Just as with the sufficiency of the evidence standard of review, the standard of review employed by this court in determining whether a juvenile's adjudication as a delinquent child was against the manifest weight of the evidence is the same standard used in adult criminal cases. *In re D.T.W.*, 12th Dist. Butler No. CA2014-09-198, 2015-Ohio-2317, ¶ 32. Under this standard, this court examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In conducting this review, this court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest

miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34. Therefore, an appellate court will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Blair*, 12th Dist. Butler No. CA2014-01-023, 2015-Ohio-818, ¶ 43.

{¶ 15} "'The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.'" *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10, quoting *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). However, because this court's determination that a juvenile's adjudication as a delinquent child was supported by the manifest weight of the evidence necessarily includes a finding on sufficiency, "the determination that a juvenile court's delinquency finding is supported by the manifest weight of the evidence will also be dispositive of the issue of sufficiency." *In re M.J.C.*, 12th Dist. Butler No. CA2014-05-124, 2015-Ohio-820, ¶ 29, citing *In re N.J.M.*, 12th Dist. Warren No. CA2010-03-026, 2010-Ohio-5526, ¶ 35.

**Analysis**

{¶ 16} As noted above, C.I.R. was adjudicated a delinquent child for committing an act that if charged as an adult would constitute inducing panic in violation of R.C. 2917.31(A)(1). Pursuant to that statute, no person shall cause the evacuation of any public place, or otherwise cause serious public inconvenience or alarm, by "[i]nitiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false[.]" In accordance with R.C. 2917.31(C)(2), inducing panic is generally charged as a first-degree misdemeanor. But, under R.C. 2917.31(C)(5), if the "public place" the offender's conduct caused to be evacuated "in a violation of division (A)(1) of this section is a school or an institution of

higher education, inducing panic is a felony of the second degree."

{¶ 17} The state concedes, and we agree, that the record in this case does not support the juvenile court's decision adjudicating C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic as a second-degree felony rather than as a first-degree misdemeanor. This is because, as the record indicates, the state never alleged C.I.R.'s conduct caused the evacuation of any public place, let alone a school or an institution of higher education. Based on the plain language of R.C. 2917.31(A)(1) and (C)(5), such a finding was necessary to raise the charged offense from a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2) to a second-degree felony under R.C. 2917.31(C)(5). Again, the state concedes, and we agree, that the record does not support such a finding.

{¶ 18} The record instead conclusively establishes beyond any reasonable doubt that C.I.R. violated R.C. 2917.31(A)(1) by causing serious public inconvenience or alarm by "[i]nitiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false[.]" Based on the evidence presented by the state, and considering the state's theory of the case, that is exactly what the juvenile court found by adjudicating C.I.R. a delinquent child in this case.

{¶ 19} As stated previously, a violation of the statute in this manner constitutes a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2). The juvenile court therefore erred by adjudicating C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic in violation of R.C. 2917.31(A)(1), a second-degree felony under R.C. 2917.31(C)(5), rather than a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2). Such an error, however, is nothing more than a misreading of the statute as to the degree of the offense and not whether the evidence presented at the adjudication hearing was insufficient to support the juvenile court's decision

to adjudicate C.I.R. a delinquent child.

{¶ 20} Because the juvenile court erred by adjudicating C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic as a second-degree felony rather than a first-degree misdemeanor, we modify the juvenile court's decision adjudicating C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic in violation of R.C. 2917.31(A)(1), a second-degree felony under R.C. 2917.31(C)(5), to an adjudication finding C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic as a first-degree misdemeanor in accordance with R.C. 2917.31(C)(2). In so holding, we reiterate that although the record conclusively establishes that C.I.R. violated R.C. 2917.31(A)(1) by causing serious public inconvenience or alarm by "[i]nitiating or circulating a report or warning of an alleged or impending fire, explosion, crime, or other catastrophe, knowing that such report or warning is false," the juvenile court erred by finding this violation was a second-degree felony rather than a first-degree misdemeanor.

{¶ 21} Although affirming as modified the juvenile court's decision adjudicating C.I.R. a delinquent child, it is nevertheless necessary to remand this matter to the juvenile court with instructions that it can make an appropriate dispositional decision in light of this court's opinion affirming as modified the juvenile court's decision as to adjudication. Upon remand, the juvenile court must take into account the fact that C.I.R. has since been discharged and his probation terminated, thus calling into question whether C.I.R. should be subject to any additional punishment not already imposed and completed in the time since this appeal has been pending.

{¶ 22} Moreover, because the adjudication as modified adjudicates C.I.R. a delinquent child for having committed an act that if charged as adult would constitute inducing panic as a first-degree misdemeanor, not a second-degree felony, the juvenile

court's dispositional decision shall include punishment, if any, permissible only for a first-degree misdemeanor offense, thereby vacating any prior punishment that was not otherwise allowable under R.C. Chapter 2152. This includes committing C.I.R. to the custody of the Ohio Department of Youth Services, albeit conditionally suspended, and ordering C.I.R. to submit a DNA specimen.

{¶ 23} In light of the foregoing, because the juvenile court erred by adjudicating C.I.R. a delinquent child for committing an act that if charged as an adult would constitute inducing panic as a second-degree felony rather than a first-degree misdemeanor, C.I.R.'s first assignment of error is sustained to the extent as discussed above and this matter is reversed and remanded to the juvenile court for further proceedings consistent with the law of this state and this court's opinion herein.

{¶ 24} Assignment of Error No. 2:

{¶ 25} DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO DUE PROCESS AND EFFECTIVE ASSISTANCE OF COUNSEL.

{¶ 26} Assignment of Error No. 3:

{¶ 27} THE DISPOSITION EXCEEDS THE STATUTORY AUTHORITY OF THIS JUVENILE COURT.

{¶ 28} In his second assignment of error, C.I.R. argues his trial counsel was ineffective for failing to argue "[t]he action was overcharged as a felony." In his third assignment of error, C.I.R. claims the juvenile court exceeded its authority by committing him to the Butler County Juvenile Detention Center. C.I.R. also argues the juvenile court exceeded its authority by ordering him to submit a DNA specimen and by placing him on intensive probation. These issues are now rendered moot based on this court's decision regarding C.I.R.'s first assignment of error discussed above. C.I.R.'s second and third assignments of error are therefore dismissed as moot.

{¶ 29} Judgment affirmed in part as modified, reversed in part, and remanded.

HENDRICKSON, P.J., and RINGLAND, J., concur.