[Cite as *State v. Everhart*, 2020-Ohio-4948.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-03-005 |
| | : | O P I N I O N |
| - vs - | | 10/19/2020 |
| | : | |
| DAVID W. EVERHART, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI20190216

Jess C. Weade, Fayette County Prosecuting Attorney, Sean M. Abbott, 110 East Court Street, Washington Court House, Ohio 43160, for appellee

Steven H. Eckstein, 1208 Bramble Avenue, Washington Court House, Ohio 43160, for appellant

**RINGLAND, J.**

{¶1} David Everhart appeals from his conviction in the Fayette County Common Pleas Court for attempted arson. For the reasons described below, this court affirms Everhart's conviction.

{¶2} A grand jury indicted Everhart for attempted arson after law enforcement found his DNA on a makeshift incendiary device located on the ground near a barn. The

matter proceeded to a jury trial, where the evidence revealed that on October 26, 2018, Ollie Sponcil was at his farm driving a tractor. As he drove by the barn, he noticed a wooden arrow on the ground.

{¶3} The arrow was approximately 40 feet from the open barn door and 25 feet from the road. A plastic bottle had been duct-taped to the point of the arrow. There was a wick or fuse protruding from a hole cut into the bottle lid and it appeared that the bottle contained paper towels soaked in a liquid. There was a small burn mark on the ground near where the fuse had apparently burned before extinguishing. Other than the small burn mark, there was no damage to Sponcil's barn or the remainder of his property.

{¶4} Law enforcement arrived, collected the device for evidence, and photographed the scene. Law enforcement then transferred the device to the state fire marshal's laboratory where a criminalist analyzed the material inside the bottle and determined that it had been soaked in a medium petroleum distillate and heavy petroleum oil, which would be consistent with lighter fluid and two-cycle oil.

{¶5} The criminalist also swabbed the device for DNA, taking samples from the arrow, the bottle lid and fuse, and the bottle mouth. Those swabs were sent to the state Bureau of Criminal Investigation (BCI) for further analysis and comparison to the Combined DNA Index System (CODIS). No DNA was recovered from the arrow. However, initial testing of the samples from the bottle mouth, lid, and fuse produced DNA results and a CODIS hit, indicating that Everhart was a possible match.

{¶6} Law enforcement then obtained a search warrant for Everhart's DNA. They took an oral swab and forwarded it to BCI. A BCI scientist found that the DNA swabs taken from the lid and fuse returned a mixture of two DNA profiles, one of which was unknown, and the second of which matched Everhart's DNA with an expected frequency of occurrence of the same DNA in an unrelated individual at 1 in 900,000. The DNA swab on

the bottle mouth returned a major profile that matched Everhart's DNA sample with an expected frequency of occurrence of the same DNA in an unrelated individual at 1 in 1 trillion.

{¶7} Sponcil testified that at the time he observed the arrow, the barn contained about $500,000 worth of hay and farming equipment. Sponcil also testified as to a potential motive. He had recently purchased, from Everhart's mother, a tract of land that adjoined his land. Everhart lived on this tract. Everhart was told he had to leave but instead held over for six months. Sponcil had not yet initiated eviction proceedings.

{¶8} Sponcil further testified that he was driving a combine to harvest soy on the strip of land next to where Everhart lived. He found steel rods had been driven into the ground that were tied to cables. These rods apparently caused some minor damage to the combine. Sponcil believed that if the rods had functioned as intended, they would have entered the harvester and caused serious damage.

{¶9} Everhart presented no defense. The jury returned a guilty verdict. Everhart appeals, raising two assignments of error, which he argues collectively.

{¶10} Assignment of Error No. 1:

{¶11} THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S CRIM.R. 29 MOTION FOR ACQUITTAL AS THE EVIDENCE PRESENTED WAS INSUFFICIENT TO CONCLUDE THAT GUILT HAD BEEN PROVEN BEYOND A REASONABLE DOUBT IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND ARTICLE I, SECTIONS 10 AND 16 OF THE OHIO CONSTITUTION.

{¶12} Assignment of Error No. 2:

{¶13} THE TRIAL COURT ERRED IN ENTERING A FINDING OF GUILTY BECAUSE SUCH VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, FIFTH AND FOURTEENTH AMENDMENTS, UNITED STATES CONSTITUTION, AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶14} In his two assignments of error, Everhart argues that his conviction was supported by insufficient evidence and was against the manifest weight of the evidence because the jurors were required to stack inferences to find him guilty. Everhart argues that the DNA evidence only showed that he touched the bottle and the bottle's lid. He argues that it would require the jurors to stack inferences in order to conclude that he also filled the bottle with a flammable liquid, attached the bottle to an arrow, and then fired the arrow toward the barn.

{¶15} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶16} A manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the

evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶17} "Impermissible inference stacking" involves drawing an inference based entirely upon another inference, unsupported by any additional facts or another inference derived from facts. *State v. Braden*, 12th Dist. Preble No. CA2013-12-012, 2014-Ohio-3385, ¶ 12. The rule is "extremely limited" and does not prohibit drawing parallel inferences in combination with additional facts or drawing multiple, separate inferences from the same facts. *Id.* at ¶ 12-13.

{¶18} The jury was not required to impermissibly stack inferences to find Everhart guilty of attempted arson. Jurors could draw multiple, separate inferences from the same set of facts, which facts were that Everhart's DNA was found on various parts of the incendiary device and that Everhart had a motivation to damage Sponcil's property. From the DNA evidence, jurors could reasonably conclude that Everhart possessed the bottle. From the same evidence, and especially with respect to the DNA found on the fuse and lid, jurors could reasonably infer that Everhart constructed the incendiary device. Finally, given the evidence regarding Everhart's negative connection with Sponcil, jurors could reasonably infer that Everhart was the person who lit the fuse and shot the incendiary device towards Sponcil's barn, where it fortunately fell well short of its target. Accordingly, this court finds that Everhart's conviction was supported by sufficient evidence and was also supported by the greater weight of the evidence. This court overrules Everhart's first and second assignments of error.

{¶19} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.