[Cite as *State v. Jones*, 2020-Ohio-6904.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-02-003 |
| | : | O P I N I O N |
| - vs - | | 12/28/2020 |
| | : | |
| ANDREW JONES, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM CLINTON COUNTY COURT OF COMMON PLEAS
Case No. CRI 19-500-084

Andrew T. McCoy, Clinton County Prosecuting Attorney, Katie Wilkin, 103 E. Main Street, Wilmington, Ohio 45177, for appellee

Craig A. Newburger, 477 Forest Edge Drive, South Lebanon, Ohio 45065, for appellant

**RINGLAND, J.**

{¶1} Appellant, Andrew Jones, appeals from his conviction in the Clinton County Court of Common Pleas for failure to provide notice of a change of address. For the reasons detailed below, we affirm.

{¶2} Appellant was convicted of one count of abduction with a sexual motivation in violation of R.C. 2905.02, a third-degree felony. Appellant was also classified as a Tier II

sex offender, which requires appellant to register his address with local law enforcement in the jurisdiction in which he resides. Appellant registered his address at 5911 State Route 730, Lot 36, Wilmington, Ohio 45177.

{¶3} On May 6, 2019, appellant was indicted on one count of failing to provide notice of a change of address in violation of R.C. 2950.05, a third-degree felony. The matter proceeded to a jury trial.

{¶4} The state called Captain Justin Drake with the Clinton County Sheriff's Department who testified that he oversees the sex offender registration and notification program for Clinton County. During his testimony, Captain Drake identified a certified copy of the notice of registration duties that appellant signed on December 10, 2018. The notice of registration specified that, in order to change residence address, "you shall provide written notice of that change to the sheriff with whom you most recently registered, and to the sheriff in the county in which you intend to reside * * * at least **20 days** prior to any change." (Emphasis in original). Despite this, Deputy Drake explained that he was contacted by the Adult Parole Authority and informed that appellant was no longer residing at his registered address. As a result, Deputy Drake testified that he dispatched a patrol deputy to verify the information received.

{¶5} Officer Seth Howard testified that appellant was not at his registered address on several occasions. On March 18, 2019, Officer Howard testified that he knocked on the door of appellant's registered address, but there was no answer. On March 22, 2019, Officer Howard again went to appellant's registered address early in the morning, but there was no answer. Officer Howard then called appellant's telephone number and spoke with appellant. During their conversation, appellant stated that he would be home around 3:30 p.m. and so Officer Howard ordered appellant home so he could conduct a home inspection pursuant to the terms of his parole. Appellant did not return home at the specified time and

did not answer his phone when contacted again. On March 25, 2019, Officer Howard attempted to locate appellant one more time at his registered address. This time, a different person answered the door who stated that appellant was not at the residence. As a result, Officer Howard informed the Clinton County Sheriff's Office that appellant was not compliant with the rules of parole, nor was he able to locate appellant at his registered address.

{¶6} The state also called Charles Floyd, landlord and owner of Shady Oaks Campground, the location which appellant listed as his registered address. Floyd testified that appellant was not living at his registered address because he had sold his camper and hadn't paid rent since January 29, 2019. Though Floyd was unaware of the exact date that appellant moved, he testified that he stopped living in the camper toward the end of February 2019. Floyd confirmed that appellant was not living in the camper on Lot 36 at any date on or after March 20, 2019.

{¶7} During his case-in-chief, appellant called his stepfather, Bobby Outen. Outen explained that he arranged for appellant to live in a camper on Lot 36 after his release from prison, but that appellant had since moved "two doors down or two doors up."

{¶8} The matter was then submitted to the jury. Following deliberations, the jury found appellant guilty for failure to provide notice of a change of address. Appellant now appeals, raising a single assignment of error for review:

{¶9} THE EVIDENCE WAS INSUFFICIENT AS A MATTER OF LAW AND/OR GOES AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE TO SUSTAIN APPELLANT'S CONVICTION FOR FAILURE TO NOTIFY A SHERIFF OF CHANGE OF ADDRESS OR RESIDENCE (ON OR ABOUT MARCH 20, 2019, THROUGH AND INCLUDING APRIL 15, 2019), A THIRD DEGREE FELONY IN VIOLATION OF SECTIONS 2950.05(A) AND 2950.99(A)(1)(B)(II) OF THE OHIO REVISED CODE.

{¶10} In his sole assignment of error, appellant argues that his conviction was

supported by insufficient evidence and was against the manifest weight of the evidence. Appellant's argument is without merit.

{¶11} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct. *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency. *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19. "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶12} A manifest weight challenge examines the inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another. *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14. In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶13} Appellant was required by R.C. 2950.05(A) to provide notice to the sheriff of the county with whom he had most recently registered his address. Pursuant to R.C. 2950.05(F)(1), "[n]o person who is required to notify a sheriff of a change of address pursuant to [R.C. 2950.05(A)] * * * shall fail to notify the appropriate sheriff in accordance with that division."

{¶14} Following review, we find appellant's conviction is supported by sufficient

evidence and is not against the manifest weight of the evidence. As noted above, appellant was required to provide 20 days written notification to the Clinton County Sheriff before moving. Nevertheless, Captain Drake testified that he was unable to verify appellant's address or locate him at his registered address. Officer Howard confirmed that he was also unable to make contact with appellant at his registered address. This information was further corroborated by Floyd, as landlord and owner of Shady Oaks Campground, who testified that appellant no longer lived at that location, sold his camper, and hadn't paid rent since January 29, 2019. Furthermore, for purposes of establishing a precise date, Floyd testified that appellant was not living at the camper on Lot 36 on or after March 20, 2019. Even appellant's stepfather, admitted that appellant moved "two doors down or two doors up." Despite this, Captain Drake testified that he never received the necessary change of address form from appellant. As such, we find the jury did not clearly lose its way in finding appellant guilty of failure to provide notice of change of address. The evidence overwhelmingly pointed to appellant's guilt. As a result, appellant's sole assignment of error is overruled.

{¶15} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.